■ TECHNICAL TAPE, INC., et al., Respondents, v SPRAY TUCK, INC., et al., Appellants.—Judgment, Supreme Court, New York County (Andrew Tyler, J.), entered August 20, 1986, which granted the plaintiffs summary judgment in lieu of complaint against the defendants in the amount of $699,679.64 plus interest, unanimously reversed, on the law, and the judgment vacated, without costs. The plaintiffs are directed to serve a complaint within 20 days of the date of service of a copy of this order, and the defendants are to serve their responsive papers within 20 days thereafter. Appeal from the order, Supreme Court, New York County (Andrew Tyler, J.), entered August 4, 1986, which granted summary judgment is dismissed as subsumed in the appeal from the judgment, without costs.

Plaintiffs seek to recover moneys from the defendants based on a promissory note signed by the corporate defendant Spray Tuck, Inc., and a guarantee signed by the individual defendant Gerald Sprayregen. The note and guarantee were issued in conjunction with the sale of the assets of Tuck-It-Away, Inc., a subsidiary of plaintiff Technical Tape, Inc., to defendant Spray Tuck, Inc., a corporation controlled by Sprayregen.

The promissory note, dated January 22, 1982, obligates Spray Tuck to pay $636,072.40 on January 22, 1986, and to pay 10% annual interest on each anniversary date prior to maturity. The note is a five-page-long document with various conditions, including, significantly, a clause stating that the note represents the purchase price, as defined in the agreement of sale between Technical Tape and Spray Tuck, and that the issuance and payment of the note is subject to the terms and conditions of the agreement of sale.

The agreement of sale is a complex document which sets forth a *tentative* purchase price of $636,072.40 with adjustments to be made according to an elaborate formula set forth in the agreement. The final purchase price was to be computed as "an amount equal to the sum of all Advances and the Deficit" as those terms are defined in the agreement. Paragraph 7 of the agreement requires the seller to deliver to

the buyer copies of all records relating to the assets, as defined in the agreement. Furthermore, the agreement requires that for a period of six months the seller shall afford the buyer and its representatives complete access to the seller's corporate records. The agreement also grants the buyer a period of 45 days to examine the seller's records and commence arbitration before the American Arbitration Association with respect to computations of adjustments to the purchase price.

Plaintiffs commenced this action by serving a summons and moving for summary judgment in lieu of complaint pursuant to CPLR 3213 after defendants failed to make the final payment of interest and to pay the principal when the note matured. In support of their motion plaintiffs submitted the affidavit of their president setting forth the making of the agreement and its breach by defendants, together with copies of the agreement of sale and the promissory note. A copy of the Sprayregen's guarantee was not submitted.

In opposition, defendants alleged that plaintiffs breached the agreement by failing to deliver copies of required records in accordance with the agreement and failing to timely allow the defendants' accountant to examine plaintiffs' corporate records. The defendants also allege that there were errors in the computations of components of the purchase price. Defendants also asserted that the promissory note, insofar as it was subject to the terms and conditions of the agreement and contained no definite statement of the amount due since it was subject to adjustments and offset computations under the agreement, is not "an instrument for the payment of money only" subject to CPLR 3213.

The IAS court ruled that defendants did not avail themselves of the arbitration period under the agreement nor did they timely object to the denial of access to plaintiffs' books and records, thereby "waiving" their right to object. Accordingly, the court granted plaintiffs summary judgment. However, the court did not address the threshold issue of whether the promissory note was an instrument for the payment of money only, the necessary prerequisite for use of the accelerated judgment procedures of CPLR 3213. Since we find that this promissory note was not an instrument for the payment of money only, we reverse.

CPLR 3213 affords a speedy and efficient remedy to secure a judgment in certain cases where service of formal papers would be unnecessary for the expeditious resolution of the dispute between the parties. This accelerated procedure applies solely to an action based upon a judgment or an instru-

ment for the payment of money only. In order to succeed on the motion, the cause of action must be proven by the instrument itself and a failure to make payments according to its term *(e.g., Maglich v Saxe, Bacon & Bolan,* 97 AD2d 19, and cases cited therein; *Logan v Williamson & Co.,* 64 AD2d 466). When the instrument itself calls for something more than the payment of money, however, a CPLR 3213 motion will be denied. *(Logan v Williamson & Co., supra,* at 469.) For purposes of the statute, "an instrument for the payment of money only" must be a written unconditional instrument. Documents which set forth more than the simple promise by the obligor to pay a sum of money may not be sued upon by way of CPLR 3213.

Here, the promissory note sued upon did more than merely require the payment of money only. The note is expressly subject to the terms and conditions of the agreement of sale, with references therein to the terms and conditions of payment. The agreement outlines a complicated formula for the finalization of the price, and requires the production of documents and records in relation thereto. Accordingly, the note is not an instrument for the payment of money only and cannot serve as a predicate for a CPLR 3213 motion.

It was also error to grant judgment on Sprayregen's guarantee when the guarantee was not submitted with the papers on the motion. Since on a motion for summary judgment in lieu of complaint the moving party must prove the obligation by the instrument itself, the failure to submit that instrument is fatal. Concur—Sandler, J. P., Carro, Kassal, Ellerin and Wallach, JJ.