■ SCP (Bermuda) Inc., Appellant, v Bermudatel Ltd. et al., Respondents. [638 NYS2d 2] —Order, Supreme Court, New York County (Herman Cahn, J.), entered December 1, 1994, which denied plaintiff's motion for summary judgment in lieu of complaint, is unanimously reversed, on the law, with costs, the motion is granted and the clerk is directed to enter judgment thereon.

Defendants herein owned options to purchase land in Bermuda on which they planned to build a hotel and, in accordance therewith, approached the Ritz-Carlton Hotel Company to develop the project. Plaintiff was enlisted as an equity partner to acquire $22,000,000 in order to purchase the land quickly, as the options were of limited duration.

On or about November 29, 1990, the parties entered into a "Memorandum of Understanding" (the "Memorandum") which provided, *inter alia,* that plaintiff was to make "reasonable efforts" to obtain nonrecourse financing for the partnership sufficient to fund a budget of $185,000,000. Section 6 (b) of the Memorandum provides that unless otherwise agreed to in writing by all of the partners, the institutional financing was to be without personal liability on the part of the partners.

Plaintiff's subsequently loaned $22,000,000 to the partnership so that the options to purchase the property could be exercised. The loan was secured by a "Secured Term Note" made by defendant Related-Crismark Limited and executed by the other defendants, which contained an express waiver of defendants' rights to interpose counterclaims or set-offs of any kind with respect to any litigation based on the note or related documents. This provision, which is in capitals, also provides that the waivers, which include waiver of the right to a jury trial, are a condition precedent and material inducement for the lender to make the loan and accept the note.

In addition to the note, three separate "Guarantee[s] of Payment" were executed by defendants Bermudatel, Ritz-Carlton Hotel Co. and The Related Companies, Inc., all of which are dated November 29, 1990. The guarantees, which are identical, provide that the guarantor "absolutely, irrevocably and unconditionally guarantees to Lender [plaintiff] the prompt payment" of the $22,000,000 principal sum plus interest. The guarantees further state that the obligations of the guarantor are "absolute, irrevocable and unconditional under any and all circumstances, with regard to the validity, regularity or enforceability of any of the loan Documents." Pursuant to Section 7.5 of the guarantees, the guarantors waive their rights to a jury trial and to assert counterclaims, except that there is no waiver of a defense or counterclaim "ON ACCOUNT OF THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF LENDER" as contemplated by Section 5 (d) of the Memorandum Agreement. Finally, the guarantees provide that the guarantor "hereby agrees and acknowledges that this Guarantee is an instrument for the payment of money, in the event of a default by the Guarantor * * * [the Lender] shall have the right to bring a motion-action under * * * [CPLR 3213]."

Defendants defaulted on the loan and plaintiff brought the underlying motion, as contemplated in the guarantees, for summary judgment in lieu of complaint, pursuant to CPLR 3213, on both the note and guarantees. The IAS Court's subsequent conclusion that the instruments were not for the payment of money only was in error.

In order to qualify for CPLR 3213 treatment, plaintiff must be able to establish a prima facie case by proof of the agreement and a failure to make the payments called for thereunder (*Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 155; *Generale Bank v Nagaraj*, 193 AD2d 376, 376-377; *Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, 791-792, *affd* 67 NY2d 627; *Maglich v Saxe, Bacon & Bolan*, 97 AD2d 19, 21). Once plaintiff has met its burden, it is incumbent upon defendant to establish, by admissible evidence, that a triable issue of fact exists (*Silber v Muschel*, 190 AD2d 727, 728; *Faustini v Darth Provisions Co.*, 131 AD2d 809, 810; *Gateway State Bank v Shangri-La Private Club for Women*, *supra*, at 792).

In the matter at bar, plaintiff has established a prima facie case by proof of the notes and guarantees, and defendants' default under their terms, thereby qualifying the documents for accelerated judgment under CPLR 3213. Indeed, the parties agreed that the documents constitute instruments for the payment of money only as the instruments themselves specifically state that they are subject to collection pursuant to a CPLR 3213 motion. Under Section 7.5 of the guarantees the guarantors waived the right to a jury trial and to assert counterclaims, set-offs or defenses except that there is no waiver of a defense or counterclaim "ON ACCOUNT OF THE GROSS NEGLIGENCE OR WILLFUL MISCONDUCT OF LENDER" as contemplated by Section 5 (d) of the Memorandum. Section 5 (d) of the Memorandum states that if institutional financing has not been closed by December 31, 1992, plaintiff can force the sale of the land and collect from defendants any shortfalls in satisfying the land acquisition loan unless the partnership was prevented from closing the institutional loan through the gross negligence or willful misconduct of the financial partner. The note contains a similar provision. In the instant matter, it is clear that the partnership never obtained institutional financing and therefore, Section 5 (d) of the Memorandum is not applicable.

Moreover, defendants have failed to establish that a triable issue of fact exists concerning any gross negligence on the part of plaintiff. Indeed, defendants' proof consists of conclusory, self-serving statements concerning the alleged availability of nonrecourse financing, yet they submit no evidence whatsoever such as a loan commitment letter from any institutional lender from the time in question in support of their assertions. In sum, defendants have failed to establish a defense under the instruments. Concur—Ellerin, J. P., Kupferman, Ross, Williams and Tom, JJ.