■ DAVID J. BOLAND, as Trustee of the BELOIT LIQUIDATING TRUST, Appellant, v INDAH KIAT FINANCE (IV) MAURITIUS LIMITED et al., Respondents. [739 NYS2d 122] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered September 10, 2001, which denied plaintiff's motion for summary judgment in lieu of complaint and granted defendants' cross motion to dismiss the action, unanimously reversed, on the law, without costs, the motion for summary judgment granted, the cross motion to dismiss denied and the matter remanded for further proceedings.

By motion for summary judgment in lieu of complaint (CPLR 3213), plaintiff seeks the balance of a promissory note issued by defendants pursuant to an indenture. The note provides for acceleration of the balance in case of an event of default and refers to the indenture for the definition of "event of default" and for the procedure for implementing acceleration. Defendants contend that CPLR 3213 is unavailable to plaintiff because the extent of the obligation cannot be determined from the note alone. However, having conceded that the note is "an instrument for the payment of money only" (CPLR 3213) and that they failed to make certain payments, defendants are hardly in a position to identify any obligation that, while not apparent from the face of the note, might be required of them by the note's reference to the indenture (*Interman Indus. Prods. v R.S.M. Electron Power*, 37 NY2d 151, 155). Nor can they claim that nonpayment does not constitute an event of default. Instead they argue that under the terms of the note missed payments do not necessarily constitute an event of default that gives rise to an acceleration of the balance—in other words, that the amount of their liability cannot be determined from the note alone. This argument, implying that some events of default give rise to acceleration and others do not, is clearly refuted by the note itself, which is unambiguous that all events of default give rise to acceleration (*see, Kornfeld v NRX Tech.*, 93 AD2d 772, 773, *affd* 62 NY2d 686).

More important, the necessity for reference to the indenture to establish the amount of liability would not in any event af-

fect the availability of CPLR 3213, because it would not alter the purely monetary nature of the obligation set forth in the note (*Manufacturers Hanover Trust Co. v Green*, 95 AD2d 737, *appeal dismissed* 61 NY2d 760; *see also, Kornfeld, supra* at 773; *Interman, supra* at 154). CPLR 3213 is available "where a right to payment can be ascertained from the face of a document" (*Matas v Alpargatas S.A.I.C.*, 274 AD2d 327, 328). Plaintiff established a prima facie case of its right to payment, as required, "by proof of the note and a failure to make the payments called for by its terms" (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, *affd* 29 NY2d 617), and defendants raised no issue of fact as to defenses to the note. Accordingly, plaintiff is entitled to summary judgment pursuant to CPLR 3213 (*id.* at 137-138). Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.