■ ALARD, L.L.C., Respondent, v LINDA F. WEISS, Appellant. [767 NYS2d 11]—

Judgment, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 23, 2002, which awarded plaintiff $26,487.94, bringing up for review orders, same court and Justice, entered October 18, 2001 and September 30, 2002, respectively, unanimously affirmed, without costs. Appeal from the orders entered October 18, 2001 and September 30, 2002 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff was properly granted summary judgment in lieu of complaint in this action on a promissory note. It is settled that "invocation of defenses based on facts extrinsic to an instrument for the payment of money only do not preclude CPLR 3213 consideration" (*Judarl, L.L.C. v Cycletech, Inc.*, 246 AD2d 736, 737 [1998]). Having established defendant's execution of the note and default in payment, plaintiff made out a prima facie case (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1968], *affd* 29 NY2d 617 [1971]), which defendant has not rebutted. Plaintiff was not required to pursue its claim on the note as a compulsory counterclaim in the action on the underlying real estate contract commenced by defendant and then pending in federal court (Fed Rules Civ Pro rule 13 [a]). Plaintiff's claim on the note rests entirely on defendant's failure to repay the loan upon maturity, and there is no need to refer to extrinsic facts in dispute in the federal action, such as calculation of net profits under the contract. The two cases therefore lack the requisite logical connection to implicate

considerations of fairness and judicial economy so as to warrant resolution of all issues in a single action (*Harris v Steinem*, 571 F2d 119, 123 [2d Cir 1978]). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ.