■ MARTIN OSHRIN et al., Respondents, v NATHAN HIRSCH, Appellant, et al., Defendant. [776 NYS2d 545]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered December 23, 2002, which, after a nonjury trial, awarded plaintiff Oshrin the principal amount of $875,000 as against defendant Hirsch, unanimously affirmed, with costs.

Oshrin is the owner of half the voting shares in Junior Gallery, a closely held corporation. Hirsch is the corporation's chief operating officer and owner of the other half of the voting shares. Oshrin has designated one of the two corporate directors, and Hirsch serves as the other.

Junior Gallery makes an annual distribution of operating income to its share owners and to management, which is largely comprised of family members. A disparity in the amount received developed in favor of the Hirsch family, which widened as Oshrin family members left the business. In recent years, the two directors managed to reach an accord as to the amount of the annual distribution and the portion to be allocated to management. However, irreconcilable differences arose concerning the 2001 distribution, and Hirsch, over the objection of his fellow director, distributed some $9 million in December 2001, allocated among owners and managers as in the previous year.

The record amply supports the conclusion that Hirsch exceeded his authority as director under the shareholders' agreement and in violation of Business Corporation Law § 510. It is the prerogative of the board to declare a dividend which, in the absence of fraud, bad faith or dishonesty, is conclusive (*Gordon v Elliman*, 306 NY 456, 459 [1954]). In view of the availability of alternative relief (Business Corporation Law § 1104 [a] [1]; *see Molod v Berkowitz*, 233 AD2d 149 [1996], *lv dismissed* 89 NY2d 1029 [1997]), we reject Hirsch's contention that his action was justified by his fellow director's intransigence. The evident rancor between the families affords a basis for seeking judicial intervention without assigning fault (*see Matter of T.J. Ronan Paint Corp.*, 98 AD2d 413 [1984]), but it does not permit unilateral action. The potential for corporate deadlock here was not unforeseeable. The corporation's accountants, in a report prepared in 1995, noted that the distribution of annual income is a matter for the board of directors and warrants a formal agreement drafted by counsel.

Defendant's contention that plaintiff ratified the distribution is disingenuous. Acceptance of less than his asserted fair share, followed by the prompt commencement of an action to recover the difference, hardly suggests ratification.

The methodology employed to determine damages was fair and reasonable and in accordance with the significant leeway

granted to a court in making a fair approximation of the loss occasioned by a breach of fiduciary duty (*Wolf v Rand*, 258 AD2d 401, 402 [1999]). Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.