■ MEL HERMAN, Respondent, v BARRY FEINSMITH et al., Appellants, et al., Defendant. MEL HERMAN, as a Shareholder of BBR WorldWide Transmission Parts Distributors, Inc., Respondent, v BBR WORLDWIDE TRANSMISSION PARTS DISTRIBUTORS, INC., et al., Appellants, et al., Defendant. [834 NYS2d 140]—

Judgment, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered in these consolidated actions October 6, 2005, awarding plaintiff Herman $180,000 on his individual claims and BBR WorldWide Transmission Parts Distributors, Inc. $180,000 on the derivative shareholder's claims, unanimously affirmed, without costs. Appeal from order, same court and J.H.O., entered June 8, 2005, granting the above relief after a nonjury trial, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff, a one-quarter shareholder in a subchapter S corporation, sued individually, alleging breach of a shareholders agreement, and derivatively on behalf of the corporation, alleging breach of fiduciary duty. Plaintiff had loaned $150,000 to the corporation and invested $30,000 for his 25% interest in defendants' transmission parts corporation in August 1993. He soon became concerned about the financial status of the corporation, including the fact that defendant Feinsmith was being paid a salary without proper documentation. The individual defendants then "reclassified" Feinsmith's salary payments as repayment of a loan over plaintiff's objection and in violation of the pari passu provision of the shareholders agreement, which required proportional repayment of all shareholder loans. Thereafter, plaintiff no longer received any notices of upcoming board meetings and was effectively shut out from the management of the corporation. Despite plaintiff's request to review the

company's books and records, which was refused, and a subsequent court order directing such disclosure, the other shareholders balked at compliance. Instead, in March 1994 they shut down the corporation and ceased doing business without informing plaintiff, again in violation of the shareholders agreement. Only after commencing the instant individual and derivative actions did plaintiff learn that the corporation's assets had been sold off and its inventory disposed of or abandoned, all without his knowledge or consent.

Significant leeway is granted to a court in making a fair approximation of the loss occasioned by a breach of fiduciary duty (*see Oshrin v Hirsch*, 6 AD3d 352, 353-354 [2004]). The trial court's findings of breach of fiduciary duty and breach of the shareholders agreement are based on a fair interpretation of the evidence. The award to the corporation on plaintiff's derivative action is not a "double recovery" because "the claims belong to the corporation, and damages are awarded to the corporation rather than directly to the derivative plaintiff" (*Wolf v Rand*, 258 AD2d 401, 403 [1999]). This is so even though plaintiff is not only a shareholder entitled to seek derivative relief on behalf of the corporation, but also a shareholder and creditor entitled respectively to individual relief for defendants' breach of fiduciary duty to fellow shareholders and their breach of the separate shareholders agreement.

We have considered defendants' remaining contentions and find them without merit. Concur—Andrias, J.P., Saxe, Marlow, Nardelli and Williams, JJ.