(July 26, 2007)

■ EMBRAER FINANCE LTD., Appellant, v SERVICIOS AEREOS PROFESIONALES, S.A., Respondent. [839 NYS2d 756]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered June 7, 2006, which granted defendant's motion to vacate a default judgment and denied plaintiff's motion for summary judgment in lieu of complaint, unanimously modified, on the law, to the extent of granting plaintiff's motion, and otherwise affirmed, with costs in favor of plaintiff. The Clerk is directed to enter judgment in plaintiff's favor in the amount of $1,869,824.25, with 9% interest from October 18, 2001.

The affidavit of former defense counsel, coupled with his physician's affidavit and the affidavits of defendant's principals regarding their observations of counsel, support the court's

conclusion that he had become incapacitated. The court properly exercised its discretion by excusing defendant's default in opposing plaintiff's motion as resulting from law office failure (*Weitzenberg v Nassau County Dept. of Recreation & Parks*, 29 AD3d 683 [2006]). Except for the condensed time during which counsel became confused and forgetful, defendant acted in a timely manner, and it quickly substituted counsel thereafter and moved to vacate the default. Defendant made a sufficient showing of a meritorious defense for the purpose of vacating the default judgment (*see Tri-State Envtl. Contr., Inc. v M.H. Kane Constr., Inc.*, 25 AD3d 436 [2006]; *Tat Sang Kwong v Budge-Wood Laundry Serv.*, 97 AD2d 691 [1983]), i.e. a prima facie claim of an inextricable link between the promissory note and the related sale agreement. However, such showing was not sufficient to defeat plaintiff's summary judgment motion pursuant to CPLR 3213. The plain language of the promissory note at issue establishes as a matter of law defendant's absolute, unconditional obligation to pay the sum of $2.8 million plus 9% interest per year in 36 monthly installments of $89,039.25, and incorporates by reference the terms and conditions of the companion sale agreement only to the extent necessary for the enforcement of the note. Consequently, the two agreements are not inextricably intertwined and CPLR 3213 is applicable (*see Boland v Indah Kiat Fin. [IV] Mauritius*, 291 AD2d 342 [2002]; *Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136 [1968], *affd* 29 NY2d 617 [1971]; *cf. Technical Tape v Spray Tuck*, 131 AD2d 404 [1987], *lv dismissed* 74 NY2d 791 [1989] [where promissory note only partially established the purchase price, which was subject to the terms and conditions of and a further computation in the sale agreement, note was inextricably intertwined with sale agreement]). Concur—Sullivan, J.P., Williams, Sweeny, Catterson and Malone, JJ.