■ BONDS FINANCIAL, INC., et al., Appellants, v KESTREL TECHNOLOGIES, LLC, et al., Respondents. [850 NYS2d 429]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered September 18, 2006, which denied plaintiffs' motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

Defendants allegedly defaulted on certain promissory notes and a guaranty. "When an action is based upon an instrument for the payment of money only . . . the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint" (CPLR 3213). A note qualifies as such an instrument for this purpose, provided the plaintiff can establish a prima facie case via "proof of the note and a failure to make the payments called for by its terms" (*Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137 [1968], *affd* 29 NY2d 617 [1971]). It does not qualify if outside proof is needed, other than simple proof of nonpayment or a similarly de minimis deviation from the face of the document (*Weissman v Sinorm Deli*, 88 NY2d 437, 444 [1996]).

Plaintiffs have not established a prima facie case, since their claim is based on an acceleration clause in a revolving credit agreement, thus requiring resort to an external document to define an event of default under the note (*see Manufacturers Hanover Trust Co. v Hixon*, 124 AD2d 488 [1986]). Here, the credit agreement outlined several default events other than the mere failure to make payments (*see Technical Tape v Spray Tuck*, 131 AD2d 404, 406 [1987]), in particular, the closing of a real estate transaction in Maryland.

Even if plaintiffs had established prima facie entitlement to summary judgment, defendants also established triable issues of fact. Section 6 of the credit agreement defined a default as including any one or more of an enumerated list of events that "shall have occurred *and be continuing*" (emphasis added). In opposition to plaintiffs' motion for summary judgment, defendants raised issues of fact bearing on the delay of the closing. Drawing all reasonable inferences in favor of defendants (*Sosnoff v Carter*, 165 AD2d 486, 492 [1991]), the court correctly ruled that an alleged breach of this condition could not form the basis for accelerated judgment. Concur—Tom, J.P., Saxe, Gonzalez, Buckley and Catterson, JJ.