OPINION OF THE COURT
Lucy Billings, J.
I. Introduction
Plaintiff moves for summary judgment in lieu of a complaint against defendant for the unpaid balance of a promissory note. (CPLR 3213.) Defendant opposes plaintiff’s motion on the ground that the promissory note was an investment in a restaurant venture, instead of a loan. For the reasons explained below, the court grants plaintiffs motion.
To be entitled to summary judgment in lieu of a complaint on a promissory note, plaintiff must present evidence of its execution and delivery, her demand for payment, and defendant’s nonpayment. (CPLR 3213; Solomon v Langer, 66 AD3d 508 [1st Dept 2009]; Bonds Fin., Inc. v Kestrel Tech., LLC, 48 AD3d 230, 231 [1st Dept 2008]; Warburg, Pincus Equity Partners, L.P. v O’Neill, 11 AD3d 327 [1st Dept 2004]; Alard, L.L.C. v Weiss, 1 AD3d 131 [1st Dept 2003].) Upon that showing, the burden shifts to defendant to demonstrate factual issues to defeat plaintiffs motion and require a trial. (National Bank of N. Am. v Alizio, 103 AD2d 690, 691 [1st Dept 1984], affd 65 NY2d 788 [1985]; Bronsnick v Brisman, 30 AD3d 224 [1st Dept 2006]; Tars Uluslararasi Dis Ticaret Turizm ve Sanayi Ltd., Sirketi v Leonard, 26 AD3d 298 [1st Dept 2006]; Korea First Bank of N.Y. v Noah Enters., Ltd., 12 AD3d 321, 322 [1st Dept 2004].)
*376 II. The Parties’ Positions
Plaintiff presents and authenticates defendant’s promissory note to her executed December 1, 2008, for $58,915.67, plus interest at 12% per year. (Aff of Heidi Ruth Leiser, exhibit A.) Defendant obligated itself to pay the principal plus interest in 12 quarterly installments of $5,918.79, over three years. A default in payment, which the note defines as failure to pay an installment within 10 business days after a written notice to cure the nonpayment, accelerated the entire principal as due, with accrued interest. Plaintiff acknowledges in her affidavit dated February 18, 2010, that defendant made one installment payment March 12, 2009, but none further. In an authenticated letter dated September 28, 2009, plaintiff demanded payment after defendant’s default. (Id., exhibit B.) Plaintiffs evidence thus demonstrates her entitlement to summary judgment in lieu of a complaint. (Solomon v Langer, 66 AD3d 508 [2009]; DDS Partners v Celenza, 6 AD3d 347, 348 [1st Dept 2004]; Alard, L.L.C. v Weiss, 1 AD3d at 132; Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d 342 [1st Dept 2002].)
In rebuttal, defendant maintains that the promissory note was not a loan by plaintiff to defendant, but instead her investment in defendant restaurant business, to raise capital for defendant, whose sole purpose was to hold the stock of Chez Jacqueline Restaurant, Inc., which defendant’s president Frank Giraldi purchased September 25, 2008. Defendant supports these claims with defendant’s shareholder agreement and the stock purchase agreement.
III. Consideration of Evidence Extrinsic to the Promissory Note
The court may not rely on parol evidence where the promissory note’s terms are clear. (Solomon v Langer, 66 AD3d 508 [2009]; Warburg, Pincus Equity Partners, L.P. v O’Neill, 11 AD3d 327 [2004]; DDS Partners v Celenza, 6 AD3d at 349; Alard, L.L.C. v Weiss, 1 AD3d at 131.) Moreover, even were the court to rely, as defendant does, on facts outside the note, they do not bar summary judgment to plaintiff. (Solomon v Langer, 66 AD3d 508 [2009]; Alard, L.L.C. v Weiss, 1 AD3d at 131; Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d at 342-343.) Considering the extrinsic evidence defendant presents, that evidence does not support defendant’s claim that payment of the promissory note depended on the shareholder agreement. The note does not refer to the shareholder agreement. (DDS Partners v Celenza, 6 AD3d at 349; Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d at 342.) The shareholder agreement does refer to the note, but does not abrogate it.
*377 The shareholder agreement simply provides that defendant was to issue to its shareholders, including plaintiff, shares in defendant and promissory notes in equal proportion to the shares. While the agreement provides that defendant would repay the promissory notes if the purchase of Chez Jacqueline Restaurant did not close (aff of Frank Giraldi, exhibit A), the agreement did not limit payment of the notes on any conditions. (Lyons v Cates Consulting Analysts, 88 AD2d 526 [1st Dept 1982], affd 64 NY2d 1025 [1985]; Neuhaus v McGovern, 293 AD2d 727, 728 [2d Dept 2002]; see Bonds Fin., Inc. v Kestrel Tech., LLC, 48 AD3d at 231; Hirsch v Rifkin, 166 AD2d 293, 294 [1st Dept 1990]; Technical Tape v Spray Tuck, 131 AD2d 404, 406 [1st Dept 1987].) Once the purchase of the restaurant did close, the promissory notes’ repayment schedule, stretched out in 12 quarterly installments over three years, is entirely consistent with the purpose of investing in defendant to permit the purchase and using the shareholders’ notes as a financial tool to raise the necessary funds and minimize taxes. These purposes and this structure do not compromise the note’s enforceability.
Nor does defendant show that payment of the note otherwise depended on the shareholder agreement: that under it plaintiff owed performance beyond her loan to entitle her to payment under the note, for example, such that her nonperformance constituted lack of consideration for the note, or the note was merely consideration for a still executory shareholder or other agreement. (See e.g. Kehoe v Abate, 62 AD3d 1178, 1180 [3d Dept 2009]; Neuhaus v McGovern, 293 AD2d at 728; Couch White v Kelly, 286 AD2d 526, 528 [3d Dept 2001].) In sum, defendant fails to demonstrate that payment of the promissory note was inextricably intertwined with the shareholder agreement. (Lyons v Cates Consulting Analysts, 88 AD2d 526 [1982], affd 64 NY2d 1025 [1985]; Embraer Fin. Ltd. v Servicios Aereos Profesionales, S.A., 42 AD3d 380, 381 [1st Dept 2007]; DDS Partners v Celenza, 6 AD3d at 349; Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d at 342.) Even if the note were subject to obligations in the shareholder agreement, none are there.
IV Fiduciary Duty
Finally, defendant claims plaintiffs action breaches her fiduciary duty to her fellow shareholders. While a majority shareholder owes a fiduciary duty to the minority shareholders (Littman v Magee, 54 AD3d 14, 17 [1st Dept 2008]; Waldman v 853 St. Nicholas Realty Corp., 64 AD3d 585, 587 [2d Dept 2009]), plaintiff is not the majority shareholder. A shareholder *378 in a closely held corporation also owes a fiduciary duty to the other shareholders not to co-opt or divert a valuable corporate opportunity she became aware of in her corporate shareholder capacity. (Fender v Prescott, 101 AD2d 418, 422 [1st Dept 1984], affd 64 NY2d 1077, 1079 [1985]; Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98 [1st Dept 2006]; Brunetti v Musallam, 11 AD3d 280, 281 [1st Dept 2004].) Plaintiff’s status as a shareholder of defendant, a closely held corporation, required her to devote her undivided, unqualified loyalty to the corporation and not to compete with it, place her private interests in conflict with its interests, or personally profit at its expense. (Fender v Prescott, 101 AD2d at 422-423; Global Mins. & Metals Corp. v Holme, 35 AD3d at 98.) Concomitantly, this fidelity obligated her to disclose any such situation. (Fender v Prescott, 101 AD2d at 423; see Herman v Feinsmith, 39 AD3d 327, 328 [1st Dept 2007]; Global Mins. & Metals Corp. v Holme, 35 AD3d at 98-99; Brunetti v Musallam, 11 AD3d at 280-281.)
Here, plaintiff in her individual capacity seeks to collect a debt defendant corporation owes to her, due to its breach of a promissory note by defendant to plaintiff. (Herman v Feinsmith, 39 AD3d at 327-328; Venizelos v Oceania Mar. Agency, 268 AD2d 291, 292 [1st Dept 2000].) Although defendant alludes to a pari passu understanding among the corporation’s shareholders and officers, which would permit only proportional repayment of the loans by all shareholders, none of whom has been repaid, as discussed above no provision in the shareholder agreement or note imposes any such requirement. (See Herman v Feinsmith, 39 AD3d 327 [2007] .) Thus plaintiff may be pursuing her private interests and requiring defendant to pay its obligation to her rather than retain the funds for another corporate use, but she has concealed nothing from defendant or the other shareholders, misrepresented nothing to them, and sought only that the corporation clear its debt so she will break even, not profit at the corporation’s expense. (Id. at 328; Kineon v Bluegrass Elkhorn Coal Corp., 121 AD2d 980, 981 [1st Dept 1986]; see Fender v Prescott, 101 AD2d at 422-423; Global Mins. & Metals Corp. v Holme, 35 AD3d at 98-99; Brunetti v Musallam, 11 AD3d at 280-281; Stevens v Phlo Corp., 288 AD2d 56 [1st Dept 2001].)
In fact defendant claims no such wrongdoing by plaintiff, nor that she otherwise contributed to defendant’s financial straits. Since its repayment of plaintiff is not conditioned on repayment of fellow investors equally, nor on the restaurant’s production of sufficient proceeds, her insistence on enforcing the note does not breach her fiduciary duty as a shareholder.
*379 In sum, while plaintiff is a shareholder and investor in defendant, the shareholder agreement and other corporate relationships and business do not reduce her status as a creditor. Nothing in the agreement indicates plaintiff or her fellow investors do not consider themselves defendant’s creditors, albeit also its investors and shareholders, particularly since the shareholders and corporation evinced its debt through a promissory note. (Herman v Feinsmith, 39 AD3d at 328; Kineon v Bluegrass Elkhorn Coal Corp., 121 AD2d at 983.) Her status as a shareholder of defendant, moreover, does not require her to satisfy any additional conditions before she enforces the note. (See Herman v Feinstein, 39 AD3d at 328; Stevens v Phlo Corp., 288 AD2d 56 [2001].)
Y. Conclusion
For all these reasons, the court grants plaintiffs motion for summary judgment in lieu of a complaint against defendant for the unpaid balance of the promissory note dated December 1, 2008, $54,764.35, with interest at 12% per year from December 1, 2008. (CPLR 3213.) The Clerk shall calculate the interest up to the date the judgment is entered and enter the total judgment forthwith.