446

■ PAF-PAR LLC, Appellant, v MICHAEL SILBERBERG et al., Respondents. [987 NYS2d 361]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered March 26, 2013, which denied plaintiff's motion for summary judgment in lieu of complaint (CPLR 3213), and granted defendants' cross motion to dismiss the complaint, unanimously affirmed, with costs.

It is well settled that since a guaranty "is a contract of secondary liability . . . a guarantor will be required to make payment only when the primary obligor has first defaulted" (*Weissman v Sinorm Deli*, 88 NY2d 437, 446 [1996]). Here, there is no dispute that defendants guaranteed the payment of the borrower's obligations under a promissory note, and that the borrower satisfied its obligations under the note, as modified by the Loan Modification and Extension Agreement signed by plaintiff. Nevertheless, plaintiff argues that despite the borrower's full payment of the modified loan amount, the guaranty for the original loan amount is still enforceable because article II of the guaranty states that it cannot be "diminished, impaired, reduced or adversely affected by," inter alia, modifications. However, as the court below held, this language cannot operate to make the guarantor liable for more than what the primary obligor was obligated to pay and did pay.

Hence, plaintiff did not make out a prima facie case, since it did not show that the guarantors failed to make a payment called for by the terms of their guaranty (*see Banner Indus. v Key B.H. Assoc.*, 170 AD2d 246 [1st Dept 1991]; *see also SCP [Bermuda] v Bermudatel Ltd.*, 224 AD2d 214, 216 [1st Dept 1996]).

While, as plaintiff points out, the guaranty waives many defenses, plaintiff's failure to establish its prima facie case obviates the need for defendants to raise a triable issue of fact as to defenses (*see SCP*, 224 AD2d at 216; *see also Madison Ave. Leasehold, LLC v Madison Bentley Assoc. LLC*, 8 NY3d 59, 69 [2006]).

An additional reason for denying plaintiff's summary judgment motion is that plaintiff failed to establish standing—it merely submitted an affidavit saying that the original lender had assigned it the note, mortgage, and guaranty (*see 627 Acquisition Co., LLC v 627 Greenwich, LLC*, 85 AD3d 645, 647

[1st Dept 2011]), and its assertions were contradicted by documentary evidence submitted by defendants. Concur—Tom, J.P., Acosta, Freedman and Kapnick, JJ.