## Receivables IM Rest, LLC v GFB Rest. Corp.

2024 NY Slip Op 30541(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 653032/2023

Judge: Gerald Lebovits

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. GERALD LEBOVITS**           PART           07

*Justice*

-------------------------------------------------------------------------------X

RECEIVABLES IM REST, LLC,

INDEX NO.           653032/2023

Plaintiff,

MOTION DATE           02/14/2024

- v -

MOTION SEQ. NO.           001

GFB RESTAURANT CORP.,

**DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23

were read on this motion to/for           SUMMARY JUDGMENT (BEFORE JOIND)           .

*Kasowitz Benson Torres LLP*, New York, NY (Donald J. Reinhard of counsel), and *Quinn, Emanuel, Urquhart & Sullivan, LLP*, New York, NY (Benjamin I. Finestone and Rachel E. Epstein of counsel), for plaintiff.
*Marks & Klein, LLC*, Red Bank, NJ (Brent M. Davis of counsel), for defendant.

Gerald Lebovits, J.:

This action arises from a dispute concerning money owed on a promissory note. Defendant, GFB Restaurant Corp., executed a promissory note in favor of non-party Il Mulino USA, LLC, for $354,244, effective September 2019. Gerald Katzoff signed the note as principal of GFB and manager of Il Mulino. (*See* NYSCEF No. 5.)

In July 2020, Il Mulino filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. (NYSCEF Nos. 14 at ¶ 59, 17 at 3.) In December 2020, Il Mulino sold its assets to non-party BSP Agency, LLC and other entities.[1] (NYSCEF No. 17 at 6 [asset purchase agreement].) The asset-purchase agreement was so ordered by the Bankruptcy Court. (NYSCEF No. 3 at 3.) In connection with that agreement, Il Mulino assigned the promissory note to plaintiff, Receivables IM Rest, LLC. (NYSCEF No. 6 at 2.) According to plaintiff, defendant defaulted on the note.

Plaintiff brings this action by motion for summary judgment in lieu of complaint under CPLR 3213. It seeks the sum owed under the note in addition to interest, fees, and costs.

---

[1] Plaintiff was formed on December 9, 2020. BSP is plaintiff's owner. (*See* NYSCEF No. 21 at 8.)

[* 1]

Plaintiff contends that it has demonstrated the existence of a promissory note and defendant's failure to make the required payments. Defendant argues that there are triable disputes of material fact: whether defendant was fraudulently induced by non-party BSP Agency, LLC to sign the promissory note and whether plaintiff has unclean hands. Defendant also argues under CPLR 3215 (f) that summary judgment is premature. (NYSCEF No. 13 at 14.) Plaintiff's motion is denied.

## DISCUSSION

To establish a prima facie case under CPLR 3213, plaintiff "must show the existence of a promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms." (*Zyskind v FaceCake Mktg. Tech., Inc.*, 101 AD3d 550, 551 [1st Dept 2012].) If plaintiff establishes its prima facie case, the burden shifts to defendant to "establish, by admissible evidence, that a triable issue of fact exists." (*SCP [Bermuda] Inc. v Bermudatel Ltd.*, 224 AD2d 214 [1st Dept 1996].) The defendant may use "facts extrinsic to an instrument for the payment of money" to support a defense. (*Alard, L.L.C. v Weiss*, 1 AD3d 131, 131 [1st Dept 2003].)

### I.     Whether Plaintiff Has Established a Prima Facie Case

Plaintiff has established its prima facie case under CPLR 3213. Plaintiff demonstrates that defendant signed the promissory note, and that Il Mulino assigned the note to plaintiff.[2] Plaintiff also demonstrates that, under the note, defendant promised to pay a principal sum of $354,244, capitalized interest, and interest accrued on the principal amount. (*See* NYSCEF No. 5 at 1.) Moreover, the promissory note constitutes an instrument for the payment of money only. It contains an unequivocal and unconditional obligation to repay the money loaned in connection with the note.

Plaintiff also shows that defendant failed to make payments under the note. Under the note, "[t]he Principal Amount and all accrued and unpaid interest and other amounts under this Note shall be immediately due and payable . . . upon delivery of a written demand signed by [plaintiff]." (*Id.* at 4.) Plaintiff sent a demand letter to defendant in March 2023. (NYSCEF No. 7.) But defendant refused to make any payments under the note. (NYSCEF No. 8 at 3.)

Plaintiff has thus made out its prima facie case.

### II.     Whether Defendant Has Raised a Triable Dispute of Fact

#### a.   Fraudulent Inducement

Defendant contends that BSP fraudulently induced it to sign the promissory note. It argues that it has identified material issues of fact concerning whether defendant was fraudulently induced that foreclose granting summary judgment in lieu of complaint.

---

[2] Defendant does not contest the existence of the promissory note. (*See* NYSCEF No. 8 at 2.)

To state a claim for fraudulent inducement, a party must show a "misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." (*United States Life Ins. Co. in City of New York v Horowitz*, 192 AD3d 613, 614 [1st Dept 2021].)

Defendant alleges that BSP fraudulently induced defendant to enter into the promissory note by making material misrepresentations to defendant that BSP knew were false, and that defendant was damaged as a result. According to Katzoff's affidavit, Il Mulino entered into a credit agreement with BSP to fund Il Mulino's expansion in 2015. With the onset of the COVID-19 pandemic, Katzoff became concerned that Il Mulino would not be able to make required payments under the credit agreement. (NYSCEF No. 14 at 5-6.) He claims that BSP offered to provide additional funding and represented that their discussions and "capital infusions would lead to a forbearance of the 2015 Credit Agreement." (*Id.* at ¶ 50.) Katzoff further claims that he was presented with the note as part of the capital infusion. Importantly, Katzoff represents that he "executed the Promissory Note only because of BSP's representations that the status quo in connection with management, operation and control would be maintained." (*Id.* at ¶ 54.) These, representations, he contends, turned out to be false—according to him, BSP planned to seize control of the Il Mulino restaurants all along. (*Id.* at ¶¶ 55-56.)

Plaintiff argues that defendant cannot establish the reliance element of fraudulent inducement. It claims that the alleged fraud was committed by a third party: BSP. And it reasons that Katzoff signed the promissory note on behalf of both GFB and Il Mulino which were under common ownership. (*See* NYSCEF No. 21 at 6.) Plaintiff also asserts that the language of the promissory note precludes defendant from establishing reliance on statements extrinsic to the contract.

The court concludes that defendant can raise fraudulent inducement as a defense because plaintiff has not shown that it is a noteholder in due course. Fraudulent inducement is an available defense "to an action by the holder of a negotiable instrument to enforce the instrument . . . even if the fraud was committed by a third party," so long as the noteholder "is not a holder in due course." (*Thornock v Kinderhill Corp.*, 749 F Supp 513, 518 [SD NY 1990] [internal citations omitted].) A holder in due course is a "(1) holder (2) of a negotiable instrument (3) who took it for value, (4) in good faith, and (5) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of another." (*DH Cattle Holdings Co. v Smith*, 195 AD2d 202, 209 [1st Dept 1994], citing UCC 3-302.)

Here, plaintiff does not contend that it holds the promissory note in due course. (*See Pan Atl. Group, Inc. v Isacsen*, 114 AD2d 1022, 1022-23 [2d Dept 1985] [holding that absent a contention by plaintiff that it was the noteholder in due course, defendant could assert a fraudulent inducement defense].) Moreover, a "a person does not acquire rights of a holder in due course of an instrument taken . . . [b]y legal process or by purchase in an execution, bankruptcy or creditor's sale." (UCC 3-302 [a].) Il Mulino assigned the note to plaintiff in connection with the asset-purchase agreement that resulted from the bankruptcy proceedings. (*See* NYSCEF No. 6 at 1.)

3

[* 3]

This court also concludes that plaintiff has not definitively rebutted defendant's assertion of justifiable reliance. Plaintiff contends that GFB and Katzoff are sophisticated parties who cannot claim to have justifiably relied on third-party statements about overall business relationships—statements, plaintiffs say, are unrelated to the promissory note. (NYSCEF No. 21 at 6.) They further emphasize that GFB signed the note in favor of Il Mulino when they were under common ownership and that Katzoff signed it on behalf of both GFB and Il Mulino. The cases it cites to support these propositions, however, are not persuasive.[3] And plaintiff has not established that it would have been unreasonable for GFB to rely on BSP's representations given that Katzoff, as manager of Il Mulino, already had a prior business relationship with BSP—nor that Katzoff had information available to him that would have revealed BSP's representations to be false. The alleged misrepresentations also were not unrelated to the note: Although they did not pertain to particular provisions or obligations of the note, Katzoff has alleged that the representations were the "only" reason he executed the note. (NYSCEF No. 14 at ¶ 54.)

Further, the language of the promissory note does not foreclose a fraudulent-inducement defense. Plaintiff contends that the note's merger clause "precludes GFB's purported reliance on non-contractual statements—and particularly those of non-parties to the GFB note." (NYSCEF No. 21 at 6.) But a merger clause is insufficient to bar a claim for fraudulent inducement where "it makes no reference to the particular misrepresentations allegedly made by [defendants]." (*LibertyPointe Bank v 75 E. 125th St., LLC*, 95 AD3d 706 [1st Dept 2012].) The note's merger clause states that "[t]his Note embodies the entire agreement of the parties hereto and supersedes all prior agreements and understandings relating to the subject matter of this Note." (NYSCEF No. 5, at 7.) This general language does not bar defendant's fraudulent-inducement defense.

### b. Unclean Hands

Defendant argues that plaintiff, through its owner BSP, has unclean hands. (NYSCEF No. 13 at 13.) But plaintiff is seeking to enforce a promissory note—a claim exclusively for damages. Unclean hands is an *equitable* defense that is not available in a damages action. (*See Manshion Joho Ctr. Co., Ltd. v Manshion Joho Ctr., Inc*., 24 AD3d 189, 190 [1st Dept 2005] [unclean hands defense is unavailable in action solely for damages].)

### III.    Whether Granting Summary Judgment Would Be Premature

Defendant argues under CPLR 3215 (f) that summary judgment is premature because defendant has not had the opportunity to conduct discovery to support its fraudulent-inducement and unclean-hands defenses. (NYSCEF No. 13 at 17.) Given this court's conclusion that defendant has raised a dispute of material fact on its fraudulent-inducement defense and may not raise an unclean-hands defense, this argument is academic.

Accordingly, it is

---

[3] In *Miller v Icon Group LLC* (77 AD3d 586 [1st Dept 2010]) and *Stuart Silver Assoc., Inc. v Baco Dev. Corp.* (245 AD2d 96 [1st Dept 1997]), the defendants relied on alleged misrepresentations without doing their own due diligence. Here, plaintiff is not arguing that defendant failed to diligently investigate before signing the promissory note.

4

[* 4]

ORDERED that plaintiff's motion for summary judgment in lieu of complaint under CPLR 3213 is denied, and the motion-action is converted into a plenary action in which plaintiff's motion papers are deemed to constitute a complaint and exhibits, and defendant's motion papers are deemed to constitute an answer and exhibits; and it is further

ORDERED that the parties shall appear before this court for a telephonic preliminary conference on March 15, 2024; and it is further

ORDERED that defendant serve a copy of this order with notice of its entry on plaintiff.

__2/20/2024__
DATE

HON. GERALD LEBOVITS
J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

5

[* 5]