Marjan Intl. Corp. v Lillian Aug. Designs, Inc. (2024 NY Slip Op 01160)

Marjan Intl. Corp. v Lillian Aug. Designs, Inc.

2024 NY Slip Op 01160

Decided on March 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 05, 2024

Before: Singh, J.P., Friedman, Rodriguez, Higgitt, Rosado, JJ. 

Index No. 653619/21 Appeal No. 1794 Case No. 2021-04798 

[*1]Marjan International Corporation, Plaintiff-Appellant,
v
Lillian August Designs, Inc., et al., Defendants-Respondents, Daniel Weiss, Defendant.

Duane Morris LLP, New York (Michael H. Gibson of counsel), for appellant.
Starr Associates LLP, New York (Andrea L. Roschelle of counsel), for respondents.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on December 10, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment in lieu of complaint on its claims to recover on a note and guaranty against defendants Lillian August Designs, Inc. (LADI) and John Weiss, unanimously reversed, on the law, with costs, the motion granted as against those defendants, and the matter remanded for settlement of judgment in the principal amount of $870,000, with costs and interest.
We need not determine whether the note and guaranty would be considered instruments for the payment of money only under applicable case law, because the note executed by LADI provides that LADI "acknowledges and agrees that this Note is an instrument for the payment of money only within the meaning of the CPLR 3213 and expressly waives any right and hereby agrees not to assert that this Note is not such an instrument," and the guaranty executed by Weiss contains similar waiver language. Absent any contention that the waivers were not valid, the note and guaranty are subject to collection pursuant to the expedited procedure provided by CPLR 3213 (see SCP [Bermuda] Inc. v Bermudatel Ltd., 224 AD2d 214, 216 [1st Dept 1996]).
Plaintiff established its prima facie entitlement to summary judgment by submitting proof of the note and guaranty, and the failure of LADI and Weiss to make the payments called for by their terms (Boland v Indah Kiat Fin. (IV) Mauritius, 291 AD2d 342, 343 [1st Dept 2002]; SCP [Bermuda] Inc., 224 AD2d at 216). Although defendants contested plaintiff's showing concerning the timing of LADI's payments under the note, they did not dispute that LADI paid only $630,000 toward the payments due under the note as of November 2, 2020, and that, upon acceleration of the note following default, $870,000 remained unpaid. Interest is provided for in the note. As there are no bona fide issues of fact concerning the amounts owed, plaintiff is entitled to summary judgment on its claims against LADI and Weiss (see Royal Equities Operating, LLC v Rubin, 154 AD3d 516, 517 [1st Dept 2017]; Kornfeld v NRX Tech., Inc., 93 AD2d 772, 773 [1st Dept 1983], affd 62 NY2d 686 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 5, 2024