Frydco Capital Group, LLC v Park Rio East, LLC (2024 NY Slip Op 01984)

Frydco Capital Group, LLC v Park Rio East, LLC

2024 NY Slip Op 01984

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 652962/22 Appeal No. 2019 Case No. 2023-02627 

[*1]Frydco Capital Group, LLC, Plaintiff-Appellant,
v
Park Rio East, LLC, et al., Defendants-Respondents.

Jacobs P.C., New York (Adam B. Sherman of counsel), for appellant.
The Law Office of Thomas M. Mullaney, New York (Thomas M. Mullaney of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered April 3, 2023, which denied plaintiff's motion for summary judgment in lieu of complaint pursuant to CPLR 3213, and deemed plaintiff's moving papers the complaint in the action and defendants' answering papers the answer, unanimously reversed, on the law, without costs, to grant plaintiff's motion for summary judgment in lieu of complaint as to liability against defendants and to remand the issue of damages for further determination.
Plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the promissory note and an affidavit asserting that defendants failed to pay the loan in accordance with the terms of the note (see Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]).
In opposition, defendants failed to raise a triable issue of fact. The language of the promissory note expressly waived defendants' rights to interpose any defense (other than payment), setoff, or counterclaim to an action brought to enforce plaintiff's rights under the note. Moreover, even if the terms of the note did not contain a waiver of setoff, counterclaim, or defenses, defendants did not establish that their obligation under the promissory note was in any way linked to the distribution of the settlement proceeds in connection with a separate business venture involving the parties (see Embraer Fin. Ltd. v Servicios Aereos Profesionales, S.A., 42 AD3d 380, 381 [1st Dept 2007]). In any event, assertion of defenses based on facts extrinsic to the instrument are insufficient to defeat a motion brought pursuant to CPLR 3213 (see Deka Immobilien Inv. GmbH. v Lexington Ave. Hotel, L.P., 196 AD3d 424, 425 [1st Dept 2021]).
Furthermore, a dispute over the amount of damages owed is not a defense to liability pursuant to CPLR 3213 (see Allied Irish Banks, PLC v Young Men's Christian Assn. of Greenwich, 36 Misc 3d 216, 224 [Sup Ct, NY County 2012], affd 105 AD3d 516 [1st Dept 2013]). Accordingly, the matter is remanded for further determination on the amount due and owing to plaintiff.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024