Chandler v Chima (2026 NY Slip Op 50269(U))

[*1]

Chandler v Chima

2026 NY Slip Op 50269(U)

Decided on March 5, 2026

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 5, 2026
Supreme Court, New York County

Kerry Chandler, Plaintiff,

againstUzochukwu Chima, Defendant.

Index No. 652349/2022

Robert Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 14, 15, 23, 24, 25, 26 were read on this motion for JUDGMENT - SUMMARY IN LIEU OF COMPLAINT.
This is an action involving the nonpayment of a promissory note and breach of a share purchase agreement and pledge agreement. In motion sequence 001, plaintiff Kerry Chandler moves for an order, pursuant to CPLR 3213, granting summary judgment in lieu of a complaint against defendant Uzochukwu Chima. No opposition to the motion has been filed.BackgroundIn 2017, Chandler agreed to invest $600,000 toward a nutrition startup founded and owned by defendant Chima (affidavit, NYSCEF doc. no. 3). The company, Kaigo Inc., purportedly provided personalized meal delivery services from local restaurants directly to individuals (NYSCEF doc. no. 14). Chandler identifies the transaction as a loan, while Chima purportedly requested an investment (affidavit, NYSCEF doc. no. 3). At some point thereafter, Chandler attests, Chima "converted" Chandler's $600,000 "loan" into 60 shares of illiquid stock (id.).
In 2021, after not receiving any return or payment on her initial investment, the parties agreed to execute a Promissory Note. The terms of the note provide that, "for value received, Uzochukwu Chima, promises to pay to the order of Kerry Chandler, or her successors, endorsees, transferees or assigns in lawful money in the principal amount of Six Hundred Thousand United States Dollars (US$600,000), together with interest thereon" (NYSCEF doc. no. 4). Interest was to accrue on the unpaid principal balance of the Note at the rate per annum equal to the Applicable Federal Rate, which was 1.08% as of November of 2021, at the time of signing (id. at para. 1).
Along with the Note, the parties entered into a Share Purchase Agreement (SPA) and a [*2]Pledge Agreement. The SPA acknowledged Chandler's 60 share investment and an aggregate purchase price of $600,000 for the shares, and provided for a buyback schedule (NYSCEF doc. no. 5, para. a). The Pledge Agreement was carried out to facilitate the transactions contemplated by the SPA, and to grant security and assurance that timely payment of the principal and interest owed would be made. The pledged collateral was a first-priority lien on the pledged stock and an enforceable security interest under the New York UCC (NYSCEF doc. no. 6, pg. 2).
Under the SPA, Chandler agreed to sell her 60 Kaigo shares back to Chima, in exchange for Chima's payment of a total of $600,000 in sixteen (16) installment payments. The SPA defines "Installment Payment" as the number of shares sold, multiplied by the Share Price, with the Share Price set by the SPA at $10,000 per share. The payments were to begin on November 15, 2021 and end on July 31, 2025. Chima made the initial payment on November 15, 2021 of $25,000 for 2.5 shares, in compliance with the SPA, but failed to make the $37,500 payment due on January 31, 2022 or the $50,000 payment due on April 30, 2022 (NYSCEF doc. no. 3, para. 8). This action ensued.

Discussion
Pursuant to CPLR 3213, "[w]hen an action is based upon an instrument for the payment of money only the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." To establish prima facie entitlement to summary judgment in lieu of complaint under CPLR 3213, a plaintiff must show the existence of a "promissory note executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note's terms" (Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]). References to other agreements in the instrument do not necessarily qualify or alter the obligation to pay on the instrument (Embraer Fin. Ltd. v Servicios Aere. os Profesionales, S.A., 42 AD3d 380, 381 [1st Dept 2007]).
Here, plaintiff establishes a prima facie case by showing the existence of an obligation to pay, an underlying debt and a failure to perform under the agreements (27 W. 72nd St. Note Buyer LLC v Terzi, 194 AD3d 630, 630-631 [1st Dept 2021]). Plaintiff submits the Promissory Note, the SPA and the Pledge Agreement, which sufficiently establish an unconditional obligation to pay and sufficiently identify an unequivocal underlying debt. Plaintiff has provided sufficient evidence to establish borrower's default under the promissory note by submission of an affidavit attesting that Chima has defaulted on his contractual obligations. An affidavit is adequate to establish a default in payment (see, e.g., 8430985 Can. Inc. v United Realty Advisors LP, 148 AD3d 428, 428 [1st Dept 2017]).
Once the plaintiff submits evidence establishing these elements, "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro, 25 NY3d 485, 492 (2015)). No opposition to the motion has been filed. There is no evidence before this court that suggests a triable issue of fact exists or that indicates the potential for a bona fide defense. Summary judgment, therefore, is warranted.
Accordingly, it is hereby
ORDERED that plaintiff's motion for summary judgment in lieu of complaint is granted, in its entirety; and it is further
ORDERED and ADJUDGED that the Clerk of the Court is directed to enter judgment in favor of plaintiff Kerry Chandler and against defendant Uzochukwu Chima in the principal sum [*3]of $576,480.19, together with interest at the statutory rate from February 11, 2022, costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is further
ORDERED that plaintiff shall promptly submit a proposed judgment consistent with this decision and inclusive of all reasonable attorneys' fees to chambers and the Clerk of Part 43 for entry ([email protected]; [email protected]).
DATE March 5, 2026Robert Reed, J.S.C.