Lifshitz v Brody

2026 NY Slip Op 02156

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Cheryl Lifshitz, Plaintiff-Respondent,

v

Eric Brody, Defendant-Appellant.

Decided and Entered: April 09, 2026

Index No. 652140/24|Appeal No. 6319|Case No. 2025-00545|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Rose Law LLC, Great Neck (Gary Rosen of counsel) for appellant.

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Nicole E. Meyer of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (James d'Auguste, J.), entered January 13, 2025, awarding plaintiff a money judgment against defendant, and bringing up for review an order, same court and Justice, entered September 10, 2024, which granted plaintiff's motion for summary judgment in lieu of complaint on a note and guaranty and denied defendant's cross-motion to dismiss pursuant to CPLR 3211(a)(4) and (5), unanimously affirmed, without costs.

Plaintiff established, through admissible evidence, the existence of an instrument for the payment of money only, defendant's unconditional promise to pay, and defendant's failure to make payments as required (see German Am. Capital Corp. v Oxley Dev. Co., LLC, 102 AD3d 408, 408 [1st Dept 2013], lv denied 21 NY3d 862 [2013]). In opposition, defendant failed to raise an issue of fact or defense to plaintiff's claim. Defendant's argument that the motion court could not grant plaintiff's motion pursuant to CPLR 3213 because the promissory note referenced the existence of a forbearance agreement was properly rejected. The promissory note itself provides defendant's unconditional obligation to make payment without reference to or reliance upon any other document (see German Am. Capital Corp., 102 AD3d at 409; Embraer Fin. Ltd. v Servicios Aereos Profesionales, S.A., 42 AD3d 380, 381 [1st Dept 2007]).

Additionally, the court properly awarded plaintiff attorneys' fees. The promissory note contained an enforceable liquidated damages provision requiring payment of reasonable attorneys' fees equal to 10% of the note upon defendant's failure to pay, and did not require proof of legal services rendered (see General Lbr. Corp. v Landa, 13 AD2d 804, 805 [2d Dept 1961]). That the court awarded a lower amount for legal fees does not bar plaintiff's motion pursuant to CPLR 3213. Defendant sets forth no basis to challenge the interest awarded, which was consistent with the terms of the promissory note.

There was no merit to defendant's cross-motion to dismiss the action based on a prior action pending or on collateral estoppel or res judicata. The prior action was marked disposed in 2023 with entry of judgment against a different defendant—an entity which was the only defendant served in that action (see Ember v Denizard, 160 AD3d 537, 538-539 [1st Dept 2018]). Collateral estoppel and res judicata are thus inapplicable to bar this action, as jurisdiction was never obtained over defendant in the prior action. Defendant was never served nor did he appear in that action, and the claim
asserted against him was never litigated on the merits (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8, 13 [2008]).

We have considered defendant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026