■ LEWIS WRIGHT et al., Respondents, v 145 TENANTS COR-

PORATION et al., Appellants, et al., Defendants.—Order, Supreme Court, New York County (William Davis, J.) entered January 3, 1989, which, *inter alia,* denied the defendants' motion to dismiss the complaint for plaintiffs' failure to timely furnish a bill of particulars in compliance with a prior order of the court, unanimously modified, without costs, on the law, the facts, and in the exercise of discretion, to direct the plaintiffs to fully answer the bill of particulars within 30 days and otherwise affirmed on condition that plaintiffs' attorneys personally pay the appellants $500 costs. If these conditions are not complied with within 30 days, the order is reversed, and the complaint dismissed.

After motion practice related to discovery, the parties eventually entered into a stipulation, which was "so ordered" by the IAS Judge on August 30, 1988, which conditionally granted a preclusion order unless plaintiffs responded to the demands for a bill of particulars and notice of discovery and inspection within 30 days.

More than 30 days later plaintiffs mailed their bill of particulars, in an envelope postmarked October 3, 1988, which was received by defendants' attorney on October 4, 1988. Defendants moved for an order dismissing the complaint for the failure of the plaintiffs to timely comply with the August 30 "so ordered" stipulation. The IAS court denied the motion in a brief opinion excusing the plaintiffs' short delay.

We do not disturb the exercise of discretion by the IAS court in excusing the minimal delay in serving the bill of particulars so as to avoid the drastic remedy of dismissal of the complaint. However, we note, as pointed out by the defendants, that while the bill of particulars substantially complied with the demand, certain of the answers are not complete. Accordingly, we modify the order to direct plaintiffs to completely answer the demand within 30 days. We also impose $500 costs on the plaintiffs' attorneys personally because of their law office failure engendering the violation of the earlier order and necessitating further motion practice and this appeal.

The earlier orders in this action, including the August 30 stipulation, also relate to the alleged failure of plaintiffs to respond to certain notices of discovery and inspection. However, in the order hereby appealed, the IAS court makes reference only to the failure to timely serve the bill of particulars. From our review of the record, the issues relating to these notices of discovery and inspection are not clearly set

forth on this record. Our order therefore is without prejudice to further proceedings in the IAS court regarding the notices of discovery and inspection. Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Rubin, JJ.