■ RAVI BATRA et al., Plaintiffs, v OFFICE FURNITURE SERVICE, INC., et al., Defendants. OFFICE FURNITURE SERVICE, INC., Third Third-Party Plaintiff-Respondent, v KASPAR WIRE WORKS, INC., Third Third-Party Defendant-Appellant. STEELCASE, INC., Fourth Third-Party Plaintiff-Respondent, v SWBC CORPORATION, Formerly Known as STEWART WARNER BASSICK CORPORATION, Fourth Third-Party Defendant, and KASPAR WIRE WORKS, INC., Fourth Third-Party Defendant-Appellant. (And Other Third-Party Actions.) [711 NYS2d 428] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 9, 1999, which denied third-party defendant Kaspar's motion to vacate an earlier order striking its answers based on failure to comply with a still earlier so-ordered stipulation for discovery, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted and the answers reinstated.

This action was commenced in 1994, after the injured plaintiff fell from an allegedly defective swivel chair. Five years later, Kaspar Wire Works, a Texas manufacturer of component parts, was impleaded into litigation already plagued by lengthy delays in discovery, answering a third third-party complaint (brought by defendant Office Furniture Service) on March 19, 1999, and a fourth (by defendant Steelcase) on June 10, 1999. On May 3, 1999, seven weeks after its joinder in the Office Furniture Service third-party action and before it had even seen the pleadings in the Steelcase third-party action, Kaspar participated in an open court conference wherein the parties stipulated to comply with discovery requests within 45 days, upon pain of having pleadings stricken. By this time, Kaspar had already seen photographs of the chair and the allegedly defective caster, but was not yet able to determine if this particular caster had been manufactured by Kaspar. Even though Justice Lebedeff had not initially intended to include Kaspar in her conditional directive, plaintiff and Steelcase's attorney prevailed upon the court to include this newcomer because "They also haven't complied with the court order [sic] stipulations."

Kaspar representatives did not appear on May 28 and June 15, 1999, when Office Furniture and another component manufacturer allowed inspection of their records. On June 18, the day after expiration of the 45-day deadline, Kaspar served a response to discovery, indicating that it was still trying to locate documents it might have in possession pertaining to the caster in question. Unable to locate such documentation, Kaspar later wrote to plaintiff on July 20, requesting a sample of the defective caster to assist in its search. On July 26, at a compliance conference, Justice Lebedeff strongly criticized all parties for their "rampant inattentiveness" to discovery schedules, causing this case to burden the court for "years and years and years." The responsive pleadings of several parties, including Kaspar, were ordered stricken for failure to meet the discovery deadline in the so-ordered stipulation of May 3. The court subsequently rejected Kaspar's motion to be relieved of that default, citing contract law principles.

It was error in this instance to base strict compliance with the stipulated order on contract principles. Had the IAS Court objectively reviewed the history of this case, it could not have concluded that Kaspar's slight and arguably justified delay was in any way comparable to the years of dilatory practice in obstructing discovery that took place preceding Kaspar's arrival on the scene (see, Wright v 145 Tenants Corp., 151 AD2d

421; cf., *Sandcham Realty Corp. v Sonnenschine*, 246 AD2d 477). Absent here is the crucial element of deliberate or contumacious behavior in disregarding a court's directive (*Christian v City of New York*, 269 AD2d 135; cf., *Henry Rosenfeld, Inc. v Bower & Gardner*, 161 AD2d 374). Under these circumstances, the striking of Kaspar's pleadings was much too extreme and drastic a penalty (*Matter of Hunter Mech. Corp. v Salkind*, 237 AD2d 180). On its motion to vacate the default, Kaspar was not required to prove its defense, but merely had to set forth facts sufficient to make a prima facie showing of a meritorious defense (*Aerovias De Mexico v Malerba, Downes & Frankel*, 265 AD2d 214), and it did so. Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Andrias, JJ.