■ RUCHAMA GAMIEL, Respondent, v CURTIS & REISS-CURTIS, P.C., et al., Appellants. (And a Third-Party Action.) [874 NYS2d 109]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered September 4, 2008, which denied defendant attorneys' motion for summary judgment (1) dismissing plaintiff's remaining causes of action for return of the legal fees she paid to them in an underlying action and compelling their turnover of the file in that action, and (2) awarding judgment on their counterclaim for unpaid attorneys' fees, unanimously reversed, on the law, without costs, the motion granted, the complaint dismissed and judgment awarded defendants on their counterclaim. The Clerk is directed to enter judgment dismissing the complaint and awarding judgment in favor of defendants and against plaintiff in the amount of $36,193.86, with interest from November 1, 2001.

A prior motion by defendants for summary judgment dismissing the complaint was granted on default; a motion by plaintiff to vacate the default was denied on the ground that plaintiff failed to show a meritorious cause of action; on appeal, this Court modified to the extent of reinstating the sixth and seventh causes of action for overbilling and improper retention of the file in the underlying action, finding that "plaintiff sufficiently set forth the merit of [these] claims . . . to preclude summary resolution of those claims (44 AD3d 327, 328 [2007], *lv dismissed* 9 NY3d 1016 [2008], 10 NY3d 789 [2008], citing *Batra v Office Furniture Serv.*, 275 AD2d 229 [2000]). The motion court, in denying defendants' subsequent motion for summary judgment dismissing the remaining sixth and seventh causes of action and awarding judgment on their counterclaim for account stated, construed our prior order as a substantive ruling on defendants' prior motion for summary judgment, stating that "[h]ad the Appellate Division wished for the Supreme Court to decide defendants' summary judgment motion [with respect to the sixth and seventh causes of action], it would have remanded the matter for consideration [there]of" (citing, inter alia, *Carrillo v New York City Tr. Auth.*, 39 AD3d 296, 297 [2007]). This misconstrued our prior order, which reinstated plaintiff's sixth and seventh causes of action under the lesser standard of proof for vacating a default, and was not meant to preclude a future motion for summary judgment by defendants (*cf. Batra*, 275 AD2d 229, 231 [2000]; *see e.g. Embraer Fin. Ltd. v Servicios Aereos Profesionales, S.A.*, 42 AD3d 380 [2007]).

On the merits, defendants adduce evidence, unrebutted by plaintiff, sufficient to show that plaintiff received, retained without objection, and partially paid invoices without protest, warranting summary judgment on their counterclaim for ac-

count stated (see *Morrison Cohen Singer & Weinstein v Ackerman*, 280 AD2d 355 [2001]; *Mintz & Gold, LLP v Hart*, 48 AD3d 526 [2008]). Summary judgment in defendants' favor on their claim for unpaid attorneys' fees in the underlying action necessarily requires dismissal of plaintiff's cause of action to compel defendants' turnover of the file in that action (see *Hoke v Ortiz*, 83 NY2d 323, 331 [1994], *cert denied* 513 US 865 [1994] [retaining lien is security for payment of attorneys' fees and is enforceable only by possession]). Concur—Mazzarelli, J.P., Saxe, Nardelli and Freedman, JJ.