Order, Supreme Court, New York County (Richard F. Braun, J.), entered November 7, 2008, which granted the motion of defendants-respondents East-West Touring Company and Cygnus Productions, LLC for summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action, unanimously affirmed, without costs.
As plaintiff concedes, the showing of merit required on a motion to restore is less than that required to defend a motion for summary judgment (see Kaufman v Bauer, 36 AD3d 481, 482 [2007]). Indeed, this Court has previously held that a finding of merit sufficient to vacate a plaintiffs default does not preclude a subsequent granting of summary judgment to defendants (see Gamiel v Curtis & Reiss-Curtis, P.C., 60 AD3d 473, 474 [2009], lv dismissed 13 NY3d 763 [2009]; see also Embraer Fin. Ltd. v Servicios Aereos Profesionales, S.A., 42 AD3d 380, 381 [2007]). Thus, plaintiffs argument that this Court’s prior order was *597 “law of the case” precluding summary judgment in respondents’ favor, or an “implicit recognition” of the merits of his claims, is without merit.
The motion court correctly found that respondents were entitled to summary judgment dismissing plaintiffs section 200 and common-law negligence claims. The record is devoid of evidence that respondents had the authority to supervise or control the work giving rise to plaintiffs injury (see Mitchell v New York Univ., 12 AD3d 200, 200-201 [2004]), or that they created or had actual or constructive notice of any allegedly unsafe condition that caused plaintiffs accident (see Canning v Barneys N.Y., 289 AD2d 32, 33 [2001]). Concur—Gonzalez, P.J., Saxe, Catterson, McGuire and Acosta, JJ.