■ BENGAL HOUSE LTD., Respondent, v 989 3RD AVE., INC., et al., Appellants, et al., Defendants. (And Other Actions.) [988 NYS2d 586]—

Order, Supreme Court, New York County (George J. Silver, J.), entered March 5, 2013, which granted plaintiff's motion to vacate the dismissal of the complaint and restore the action to the calendar and for leave to file a note of issue nunc pro tunc, unanimously affirmed, without costs, on condition that plaintiff, within 30 days of the date hereof, (1) file in the office of the Clerk of the Supreme Court a stipulation waiving its right to recover statutory interest pursuant to CPLR 5001 and (2) pay to defendants the sum of $1,000 to compensate them for costs in opposing the motion. If these conditions are not complied with within 30 days, the order is reversed, and the motion is denied.

This action was dismissed pursuant to CPLR 3126 after numerous delays by former counsel in filing a note of issue. Although no medical evidence was submitted, the motion court vacated the dismissal, accepting the affidavit of a family member and the affirmation of current counsel, former counsel's son, that his 82-year-old father suffers from diminished mental acuity and memory problems (*see Goldstein v Meadows Redevelopment Co Owners Corp. I*, 46 AD3d 509, 511 [2d Dept 2007]). On an application to vacate the dismissal of a complaint, assessment of the sufficiency of the excuse proffered for the delay and the adequacy of the merit of the action are consigned to the

sound discretion of the court (*see Di Simone v Good Samaritan Hosp.*, 100 NY2d 632, 633 [2003] [Appellate Division]; *Mediavilla v Gurman*, 272 AD2d 146, 148 [1st Dept 2000] [Supreme Court]).

While we agree that the record does not disclose an intent to abandon the action (*see Di Simone*, 100 NY2d at 634), the court vacated the dismissal under the misapprehension that it was unable to impose conditions on the grant of relief. To the contrary, CPLR 5015 (a) provides that relief from an order or judgment may be granted "upon such terms as may be just" (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 293 AD2d 324, 325 [1st Dept 2002]), affording the necessary discretion, which extends to the Appellate Division (*see Smith v Daca Taxi*, 222 AD2d 209 [1st Dept 1995]; *Wright v 145 Tenants Corp.*, 151 AD2d 421 [1st Dept 1989]). We share the motion court's stated concern that as a result of plaintiff's dilatory conduct defendants have been unnecessarily exposed to excessive statutory interest on any potential judgment, and we condition the grant of relief accordingly. Concur—Tom, J.P., Renwick, Andrias, Freedman and Clark, JJ.