**Elecnor, S.A. v Petroleos De Venezuela, S.A.**

2025 NY Slip Op 32145(U)

June 16, 2025

Supreme Court, New York County

Docket Number: Index No. 653038/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**
                                                *Justice*

PART                    11M

-----------------------------------------------------------------------------X

ELECNOR, S.A.,

                                        Plaintiff,

                    - v -

PETROLEOS DE VENEZUELA, S.A., PDVSA PETROLEO, S.A.,

                                        Defendant.

-----------------------------------------------------------------------------X

INDEX NO.            653038/2023

MOTION DATE          03/31/2025

MOTION SEQ. NO.         005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 60, 61, 62, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81

were read on this motion to/for            VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, defendant's motion is denied.[1]

## Background

### *Parallel Venezuelan Boards*

PDVSA Petroleo, S.A. (together with Petroleos de Venezuela, S.A. the "Defendants") is an oil and natural gas company owned by the Bolivarian Republic of Venezuela. In 2013, Nicolás Maduro became president of Venezuela. In 2015 the opposition party won the election for the legislative body the National Assembly. Maduro did not recognize the result of the election and created a parallel National Assembly. Matters continued to deteriorate and as of now, there is an interim President Juan Guaidó, appointed by the 2015 National Assembly, who is recognized by the United States and others. Maduro has not stepped down from power and his presidency has been accused on the international stage of being illegitimate and authoritarian.

---

[1] The Court would like to thank Stephen Wolf, Benjamin Shoyhet, and Marlowe Glass for their assistance in this matter.

**653038/2023   ELECNOR, S.A. vs. PETROLEOS DE VENEZUELA, S.A. ET AL**
**Motion No.  005**

**Page 1 of 6**

1 of 6

Relevant for this motion, there is an Ad Hoc Board for the purposes of governing PDVSA appointed by the Interim President in 2019. This Ad Hoc Board operates in parallel with the Board under Maduro's appointment and is the Board appearing before the Court in this matter.

### The Note Agreement with Elecnor

Several years before the Ad Hoc Board was created, Defendants issued four promissory notes to Elecnor S.A. ("Plaintiff") pursuant to a Note Agreement, with PDVSA as the issuer and Petróleo as the guarantor. Under the Note Agreement between the parties, Defendants had a designated process agent in Corporation Service Company ("CSC"). The Note Agreement also contained a forum selection clause in which the Defendants agreed to the "exclusive jurisdiction of any New York State court", to "irrevocably and unconditionally" waive objections to venue in New York or defense of inconvenient forum, and to waive any claim that they are not subject to personal jurisdiction in New York. The clause continued to state that if for any reason CSC ceased to be available as a process agent, Defendants would promptly designate a new agent located in New York County.

### Procedural History

In June of 2023, Plaintiff filed a motion for summary judgment in lieu of complaint, alleging that Defendants had defaulted on the promissory notes. Service was made on CSC, pursuant to the note agreement. CSC, however, was at this time refusing to forward documents to the Ad Hoc Board. Physical copies of the documents were sent to the addresses listed in the "Notices" section of the note agreement, but this was returned with an explanation that the employees listed no longer worked for PDVSA. The documents were then sent to the supervisors of the previous employees in Venezuela. Attempts to email the documents to the email addresses provided in the note agreement were unsuccessful, as was the attempt to utilize the fax number

**653038/2023   ELECNOR, S.A. vs. PETROLEOS DE VENEZUELA, S.A. ET AL**                    **Page 2 of 6**
  **Motion No.  005**

2 of 6

also provided. Defendants did not appear, and Plaintiff's motion was granted unopposed. A default judgment of $257,693,146.00 was eventually awarded to Plaintiff in April of 2024.

**Discussion**

Defendants are moving under CPLR § 5015(a)(1) and (4), CPLR § 317, or alternatively in the interest of substantial justice, to vacate the default. They argue that they have a reasonable excuse and will be able to advance a meritorious defense with the aid of discovery (as the Ad Hoc Board has no access to documents signed by or retained by the Maduro Board). They also argue that vacatur is appropriate here because they did not receive actual notice of the summons, because the Court does not have personal jurisdiction over Defendants, and that the interest of substantial justice justifies vacating the default. Plaintiff opposes the motion. While the Court is not unsympathetic to the unique situation that Defendants find themselves in, for the reasons that follow the motion is denied.

*Defendants Have Not Shown Meritorious Defense*

Defendants have moved to vacate pursuant to both CPLR § 5015(a)(1) and CPLR § 317. CPLR § 5015(a)(1) permits vacatur on the grounds of "excusable default." A party moving under this provision "must demonstrate a reasonable excuse for the default and a meritorious defense." *U.S. Bank Trust N.A. v. Rivera*, 187 A.D.3d 624, 625 [1st Dept. 2020]. CPLR § 317 permits a person to vacate a default judgment "upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense." Therefore, the existence of a meritorious defense is essential to both provisions of the CPLR. And while the Court recognizes that there may be a reasonable excuse, given the unique situation of the Ad Hoc Board and Defendants in this matter, there has not been a showing made of meritorious defense.

**653038/2023   ELECNOR, S.A. vs. PETROLEOS DE VENEZUELA, S.A. ET AL**
**Motion No.  005**

**Page 3 of 6**

3 of 6

Defendants point out that they are unable to access any records retained by the Maduro Board relating to this note agreement and argue that discovery may uncover defenses. But this is insufficient to form a basis for vacatur. A party moving to vacate does not need to "prove its defense, but merely [needs to] set forth facts sufficient to make a prima facie showing of a meritorious defense." *Batra v. Office Furniture Serv.*, 275 A.D.2d 229, 231 [1st Dept. 2000]. Such a showing requires "sufficient factual allegations", and mere conclusory assertions are not enough. *Peacock v. Kalikow*, 239 A.D.2d 188, 190 [1st Dept. 1997].

Plaintiff here in the original motion for summary judgment in lieu of complaint established entitlement to collect on an instrument for the payment of money only and included the notice of default that was sent on the note agreement as well as a sworn affidavit attesting to the lack of payments. Such note agreements are the quintessential instrument for CPLR § 3213 motions when accompanied with proof of failure to make payments. *See, e.g., Blumenstein v. Waspit Group, Inc.*, 140 A.D.3d 620, 620 [1st Dept. 2016]. Here, all Defendants have is the hope that discovery might uncover something. Defendants' failure to point to any factual allegations that would form the basis of a meritorious defense is therefore fatal to their motions to vacate pursuant to CPLR §§ 5015(a)(1) and 317.

<u>*Service Under the FSIA Was Not Required Here*</u>

Defendants have also moved to vacate under CPLR § 5015(a)(4), which states that a judgment may be vacated on the grounds of lack of jurisdiction. They are arguing that as foreign instrumentalities, they are under the protection of the Foreign Sovereign Immunities Act of 1976 ("FSIA") and since service was not made pursuant to the FSIA, this Court lacks jurisdiction. Vacatur for lack of personal jurisdiction does not require a showing of meritorious defense. *Avis Rent a Car Sys., LLC v. Scaramellino*, 161 A.D.3d 572, 573 [1st Dept. 2018]. But the problem

**653038/2023   ELECNOR, S.A. vs. PETROLEOS DE VENEZUELA, S.A. ET AL**
**Motion No.  005**

**Page 4 of 6**

4 of 6

[* 4]

with this argument is that Defendants explicitly waived immunity in the Note Agreement and consented to New York jurisdiction. Such waivers and forum selection provisions have been upheld as valid in federal courts. *See Proyecfin de Venezuela, S.A. v. Banco Indus. de Venezuela, S.A.*, 760 F.2d 390, 393 – 94 [2nd. Cir. 1985]; *Shapiro v. Republic of Bolivia*, 930 F.2d 1013, 1017 [2nd Cir. 1991].

While not binding on this Court, the reasoning of the federal courts is persuasive. Furthermore, the general rule is that "parties to a contract are free to contractually waive service of process […] such waivers render inapplicable the statutes that normally direct and limit the acceptable means of serving process on a defendant." *Alfred E. Mann Living Trust v. ETIRC Aviation S.A.R.L.*, 78 A.D.3d 137, 140 [1st Dept. 2010]. Here the Defendants explicitly waived immunity, including immunity through "service of process" and "any objection" to venue in New York State courts. There has been no showing as to why this waiver would be invalid. While the Court is aware that a similar holding is currently on appeal to the First Department, absent a binding holding otherwise the Court finds that the wavier of FSIA service requirements here is valid. CPLR § 5015(a)(4) does not provide grounds for vacating the default judgment.

Finally, the Court declines to vacate the judgment in the interests of substantial justice. The Court is sensitive to the unique situation that Defendants find themselves in. But given factors such as the lack of any identifiable meritorious defense to the claims of non-payment, the Court does not find that the interests of substantial justice require that the default be vacated. Vacating default judgment would be futile and a waste of judicial resources. Accordingly, it is hereby

ADJUDGED that the motion to vacate is denied.

**653038/2023 ELECNOR, S.A. vs. PETROLEOS DE VENEZUELA, S.A. ET AL**
**Motion No. 005**

**Page 5 of 6**

5 of 6

20250616144833LFRANKF9FEF7CBA5A24D1384C047121882DE87

**6/16/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653038/2023   ELECNOR, S.A. vs. PETROLEOS DE VENEZUELA, S.A. ET AL**          **Page 6 of 6**
**Motion No.  005**

6 of 6

[* 6]