■ LIANA KIRKWOOD, Respondent, v EDUARD NAKHAMKIN, Appellant.—Judgment, Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered August 1, 1990, which awarded plaintiff $32,034.79, unanimously affirmed, with costs.

Out of a total of 75 shares of Zhivago, Ltd., a corporation which operated a restaurant, plaintiff owned 20 shares and defendant 46. Defendant executed a document entitled "PROMISSORY NOTE", dated November 22, 1989, which provided:

"I acknowledge receipt this date of the sum of Thirty Thousand ($30,000.00) Dollars from Liana Kirkwood preliminary to the signing of a formal contract and the requisite documents required for State Liquor Authority approval to transfer all 46 of my shares in Zhivago, Ltd. to Liana Kirkwood.

"In the event said contract and requisite documents are not signed within one month from the date hereof, I covenant to promptly repay said $30,000.00 on demand to Liana Kirkwood".

On plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, defendant asserted that the $30,000 was a down payment on account of the purchase price for the contemplated sale of his stock to plaintiff. Defendant admitted no formal contract of sale was executed (such that the note, by its terms, was due), but maintained this transpired because he discovered the tentative price for his shares was too low, due to plaintiff's fraudulent misrepresentations as to the level of corporate receipts. Thus, defendant argued the note was procured by fraudulent inducement. Defendant did not deny, however, that the note and advance arrangement was entered into upon his request for immediate cash on the eve of a business trip, which prevented negotiation and execution of a formal contract of sale at that time.

In these circumstances, plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint was properly granted. That the instrument was part of a larger transaction does not, by itself, bar accelerated treatment *(see, Logan v Williamson*

*& Co.*, 64 AD2d 466, *appeal dismissed* 46 NY2d 996). Here, the instrument imposed no obligation on any party with respect to the sale of stock; instead, the obligation itself was conditioned upon such contracts *not* being signed. Proof of failure to make the payments called for by the terms of an instrument necessarily requires evidence extrinsic to the writing itself and has always been permitted within CPLR 3213 procedures *(Seaman-Andwall Corp. v Wright Mach. Corp.*, 31 AD2d 136, 137, *affd* 29 NY2d 617). We believe that proof of the fulfillment of the condition precedent to the obligation to repay, that being the undisputed absence of execution of a formal contract of sale of stock, comes within this limited category of elements of proof which may be established by extrinsic evidence without rendering accelerated treatment unavailable.

Defendant's claim of fraudulent inducement is unavailing. It is clear he did not rely upon any representation as to corporate receipts in accepting this advance, which did not require payment of any interest, from plaintiff. Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.