■ News Limited, Plaintiff, v Australis Holdings Pty, Ltd., et al., Defendants. Australis Holdings Pty, Ltd., et al., Third-Party Plaintiffs-Respondents, v News Corporation Limited et

al., Third-Party Defendants, and PARAMOUNT PICTURES CORPO-
RATION et al., Third-Party Defendants-Appellants. [742 NYS2d
190] —Order, Supreme Court, New York County (Ira Gammer-
man, J.), entered October 17, 2001, which, insofar as appealed
from as limited by the briefs, denied third-party defendants-
appellants' motion to dismiss the third-party complaint, or, in
the alternative, to sever third-party plaintiffs' claims against
them from those against plaintiff and plaintiff's affiliates
named in the third-party complaint, unanimously affirmed,
with costs.

Third-party plaintiffs-respondents allege, inter alia, that
third-party defendants-appellants were induced by, or other-
wise acted in concert with, plaintiff and plaintiff's affiliates also
named as third-party defendants (herein, defendants), in
breaching certain interrelated agreements in which appellants'
affiliates gave respondents the right to distribute appellants'
motion pictures in Australia via cable pay television; in a sepa-
rate agreement, appellants allegedly guaranteed their affili-
ates' performance. All of the agreements contain forum selec-
tion clauses, some mandatory, which appellants invoked in
support of their motion to dismiss, and others, including that
contained in the guarantee agreement, non-exclusive. The mo-
tion was properly denied on the ground that none of the appel-
lants is a party to any contract containing a mandatory forum
selection clause. In circumstances where forum selection was
clearly a topic of focused attention by the sophisticated parties
and their counsel who, in making certain claims exclusive to a
particular forum or applicable to nonsignatories, did so
expressly in the relevant agreement, respondents' contract and
tort claims arising out of the guarantee agreement should not
be subject to the mandatory forum selections clauses contained
in other agreements executed by other parties (*see, Lemme v
Wine of Japan Import,* 631 F Supp 456, 461). Therefore, New
York is a permissible forum for these claims. Nor does it avail
appellants to argue that their affiliates are necessary parties to
this action, where the guarantee agreement itself provides that
suit thereon may be instituted against appellants alone, or to
invoke the doctrine of forum non conveniens, where there is no
single forum that would be convenient to all parties. Severance
was also properly denied given the substantial overlapping of
respondents' claims against appellants and defendants, all of
which arise out of closely interrelated contracts, and the result-
ing obvious risk of duplication of resources and inconsistent
results. We have considered and rejected appellants' other
arguments. Concur—Mazzarelli, J.P., Andrias, Saxe, Wallach
and Marlow, JJ.