■ WARBURG, PINCUS EQUITY PARTNERS, L.P., Respondent, v LAWRENCE DANIEL O'NEILL, Appellant. [783 NYS2d 354]——

Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about July 18, 2003, which granted plaintiff's motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.

The procedure for accelerated judgment under CPLR 3213 is appropriate where plaintiff establishes a prima facie case by virtue of a note and a failure to make payments called for therein (*DDS Partners v Celenza*, 6 AD3d 347, 348 [2004]). The agreement upon which this motion was brought contains an unequivocal and unconditional promise by defendant to repay plaintiff the funds loaned to him. Plaintiff's claim rests entirely on defendant's failure to make the first installment in accordance with the terms of the agreement, and there is no need to refer to any extrinsic facts to prove the case. Despite defendant's assertions to the contrary, the fact that the agreement was secured by stock does not alter the essential character of the agreement as an instrument for payment of money only (*Solanki v Pandya*, 269 AD2d 189 [2000]).

Defendant's argument that plaintiff breached the implied obligation of good faith and fair dealing, depriving him of the benefit of his bargain, is similarly unavailing. Defendant bargained for a loan of $1 million, which he concededly received. Extrinsic matters such as dealings between plaintiff and QoS Networks Limited have no bearing on the relevant issues (*see Valencia Sportswear v D.S.G. Enters.*, 237 AD2d 171 [1997]). Concur—Tom, J.P., Lerner, Friedman, Marlow and Gonzalez, JJ.