■ SKILLED INVESTORS, INC., Plaintiff, v BANK JULIUS BAER & Co., LTD., et al., Defendants. BANK JULIUS BAER & Co., LTD., Appellant, et al., Plaintiff, v BARUCH IVCHER et al., Respondents, et al., Defendants. [878 NYS2d 53]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered February 14, 2008, and bringing up for appeal an order, same court and Justice, entered January 14, 2008, in favor of defendant/cross-claim plaintiff Bank Julius Baer & Co., Ltd. (the bank) against cross-claim defendant Sydney Plastics, Inc., unanimously modified, on the law, to award judgment in the same amounts against cross-claim defendant Eclectic Holdings, Inc. as well, and otherwise affirmed,

without costs. The Clerk is directed to enter an amended judgment accordingly. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In opposition to the bank's prima facie showing that it extended loans to both Sydney and Eclectic and that the loans were not repaid (*see Takeuchi v Silberman*, 41 AD3d 336, 336-337 [2007]), Sydney purports to raise issues of fact as to, inter alia, the bank's complicity in a certain underlying Ponzi scheme, the paperwork for the loans, the bank's operational failures, and the authority of a certain individual to borrow money on behalf of Sydney. These issues are extrinsic to the uncontested existence of the loans and do not raise any material issues of fact (*see Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [2004]).

Eclectic argues that there is no proof it ever received any of the borrowed money, speculating that its corporate resolution, which expressly bestowed a power of attorney upon the individual who requested the loans, might have been doctored by the bank. A conclusory allegation of forgery is insufficient to create a question of fact (*see Banco Popular N. Am. v Victory Taxi Mgt.*, 1 NY3d 381, 384 [2004]). Not only did this person have the authority to act on Eclectic's behalf, but in addition there is evidence that the loans were accepted by the company, which reaped the benefit thereof, with the knowledge of its owner. Consequently, the loans cannot now be repudiated (*see Goldston v Bandwidth Tech. Corp.*, 52 AD3d 360, 363-364 [2008], *lv denied* 11 NY3d 904 [2009]; *Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.]*, 286 AD2d 118, 126 [2001]). Concur—Tom, J.P., Andrias, Saxe, Moskowitz and DeGrasse, JJ.