GEM Invs. Am., LLC v Marquez (2020 NY Slip Op 01034)





GEM Invs. Am., LLC v Marquez


2020 NY Slip Op 01034


Decided on February 13, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020

Richter, J.P., Manzanet-Daniels, Gesmer, Singh, JJ.


11037 657141/17

[*1] GEM Investments America, LLC, Plaintiff-Respondent,
v
Julio A. Marquez Defendant-Appellant.


Ceccarelli Law Firm PLLC, New York (Joseph J. Ceccarelli of counsel), for appellant.
Venturini & Associates, New York (August C. Venturini of counsel), for respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered April 26, 2019, which, inter alia, denied defendant's motion to vacate the court's prior order (September 21, 2018) granting plaintiff summary judgment pursuant to CPLR 3213, unanimously affirmed, with costs.
The IAS court providently exercised its discretion in finding that defendant failed to present a reasonable excuse for its default (see Rodgers v 66 E. Tremont Hgts. Hous. Dev. Fund Corp., 69 AD3d 510, 510 [1st Dept 2010]). Though lack of proper service may support excusable default (see Sachellaridou v Tap Elec., 188 AD2d 427 [1st Dept 1992]), the facts here suggest that the default was willful, as defense counsel noted his appearance in March of 2018, but failed to submit any opposition papers until after the court had already entered judgment against defendant in September of 2018 (see e.g. Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 602 [1st Dept 2017]). Furthermore, his alleged unsuccessful attempts to reach an agreement with opposing counsel did not constitute a reasonable excuse (see e.g. Wells Fargo Bank, N.A. v Cean Owens, LLC, 110 AD3d 872 [2d Dept 2013]. Defendant also failed to present a meritorious defense, though his arguments need not be addressed, given the lack of a reasonable excuse for the default (see Hertz Vehs. LLC v Westchester Radiology & Imaging, PC, 161 AD3d 550 [1st Dept 2018]). Contrary to his contentions, the promissory note here was a monetary instrument that is eligible for CPLR 3213 adjudication. Though the note was made pursuant to a separation agreement between defendant and Global, the terms of the separation agreement did not alter the monetary nature of the note and render it ineligible for CPLR 3213 treatment (see Boland v Indah Kiat Fin. (IV) Mauritius, 291 AD2d 342 [1st Dept 2002]; see Lyons v Cates Consulting Analysts, 88 AD2d 526 [1st Dept 1982] [note was "self-standing" and established plaintiff's right to payment, though it referenced the terms of a shareholders agreement], affd 64 NY2d 1025 [1985]). In any event, defendant failed to present sufficient evidence showing that he was entitled to a set-off of the balance of the note, pursuant to the separation agreement.
Furthermore, defendant's argument that GEM's action should be dismissed due to an arbitration clause found in the separation agreement is unavailing because he never moved to compel arbitration prior to entry of the September 2018 order. In any event, even if defendant had a valid claim to arbitrate, his unreasonable delay in asserting his right to arbitration amounted to a waiver of that right (see Plateis v Flax, 54 AD2d 813 [3d Dept 1976]).
Defendant's other arguments pursuant to CPLR 5015(a)(3) are similarly unpersuasive. The assignment of the note to GEM was proper, as nothing in the separation agreement precluded it. Defendant's argument that GEM engaged in misconduct by "conspicuously" failing to include the separation agreement in its initial motion for summary judgment is also unavailing. Under CPLR 3213, GEM was only required to show the existence of the note and proof of defendant's default under the note (see Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 13, 2020
CLERK