Arbor-Myrtle Beach PE LLC v Frydman (2022 NY Slip Op 00806)





Arbor-Myrtle Beach PE LLC v Frydman


2022 NY Slip Op 00806


Decided on February 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 08, 2022

Before: Manzanet-Daniels, J.P., Oing, González, Shulman, Higgitt, JJ. 


Index No. 657133/19 Appeal No. 15263 Case No. 2021-00397 

[*1]Arbor-Myrtle Beach PE LLC, Plaintiff-Respondent,
v
Jacob Frydman, Defendant-Appellant.


Jacob Frydman, Hyde Park, appellant pro se.
Morrison Cohen LLP, New York (Jay R. Speyer of counsel), for respondent.



Appeal from order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about January 27, 2021, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendant's motion for joinder of additional parties and to interplead a nonparty, deemed appeal from judgment (CPLR 5501[c]), same court (Robert R. Reed, J.), entered May 3, 2021, in favor of plaintiff, and judgment unanimously affirmed, with costs.
Plaintiff demonstrated its entitlement to summary judgment by establishing the existence of a guaranty executed by defendant in connection with an agreement requiring nonparty United 945 82nd Parkway Fee, LLC to make certain payments to plaintiff, and the failure to make a payment called for by its terms (see Gard Entertainment, Inc. v Country in N.Y., LLC, 96 AD3d 683, 683 [1st Dept 2012]). Contrary to defendant's contention, recourse to CPLR 3213 was appropriate, since the guaranty was an instrument for the payment of money only (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]; Gard Entertainment, 96 AD3d at 683). That the guaranty was part of a larger transaction does not, by itself, bar accelerated treatment (see Kirkwood v Nakhamkin, 169 AD2d 693, 693 [1st Dept 1991]). The need for limited review of the underlying agreement to establish the obligation and amount of liability also does not affect the availability of CPLR 3213 (see Boland v Indah Kiat Fin. [IV] Mauritius, 291 AD2d 342, 342-343 [1st Dept 2002]; Kirkwood, 169 AD2dat 693-694). In opposition, defendant failed to raise an issue of fact. Defendant waived all defenses to the performance of his obligations under the guaranty (see generally United Orient Bank v Bao Lee, 223 AD2d 500 [1st Dept 1996]).
The court correctly denied defendant's motion for joinder and to interplead (see News Ltd. v Australis Holdings Pty, 293 AD2d 276, 277 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 8, 2022