Mahne v Cell Source, Inc. (2022 NY Slip Op 01395)





Mahne v Cell Source, Inc.


2022 NY Slip Op 01395


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Index No. 650291/19 Appeal No. 15428-15428A Case No. 2021-01423 2021-01493 

[*1]Christopher Mahne, Plaintiff-Respondent,
v
Cell Source, Inc., Defendant-Appellant. 


Law Offices of Michael M. Cohen, Brooklyn (Michael M. Cohen of counsel), for appellant.
Moses & Singer LLP, New York (David Lackowitz of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered February 4, 2021, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate a default judgment, unanimously affirmed, without costs. Order, same court and Justice, entered on or about April 15, 2021, which denied defendant's subsequent motion to vacate the judgment or, in the alternative, to renew and reargue, unanimously affirmed, and otherwise dismissed, without costs, as taken from an unappealable order.
Defendant's CPLR 5015(a)(4) claim of lack of personal jurisdiction — which arises from inadequate notice periods set forth in the notice of motion that accompanied plaintiff's June 2019 renewed CPLR 3213 motion — is unavailing, as it does not take into account that the motion court previously acquired jurisdiction over defendant when plaintiff served his initial CPLR 3213 motion in January 2019. When the court denied plaintiff's initial motion, it did not dismiss the action, and thus it retained jurisdiction over defendant.
In the order determining defendant's initial motion to vacate, the court observed that defendant offered no grounds to rebut the presumption of proper service upon it via service on the Secretary of State in January 2019, and defendant offers no reason to revisit the court's conclusion on appeal. Defendant's jurisdictional claims focus on the defects in the June 2019 notice of motion only. Defendant does not challenge the validity of service in January 2019, or the notice periods provided for in that notice of motion. Thus, the CPLR 3213 motion that was defective as to its notice provisions was served on defendant after personal jurisdiction over him had already been secured (see e.g. U.S. Bank N.A. v Cadoo, 197 AD3d 588, 590 [2d Dept 2021]; Doyle v Happy Tumbler Wash-O-Mat, 113 AD2d 818 [2d Dept 1985]), and plaintiff's failure to serve another summons along with his renewed CPLR 3213 motion did not warrant vacating the judgment under CPLR 5015(a)(4) (see Pinto v House, 79 AD2d 361, 365-366 [1st Dept 1981]).
We decline to address defendant's arguments under CPLR 5015(a)(3), as these arguments formed part of its motion for leave to reargue, the denial of which is not appealable (see e.g. Kocak v Dargin, 199 AD3d 456, 458 [1st Dept 2021]). Although defendant's CPLR 5015(a)(1) arguments could be construed as part of a motion to renew based on new facts not offered on the initial motion, i.e., facts concerning the timeliness of the motion, they too are unavailing because defendant does not show it has a meritorious defense as required by CPLR 5015(a)(1) (see Batra v Office Furniture Serv., 275 AD2d 229, 231 [1st Dept 2000]). Defendant's defense, which arises from the parties' alleged transactions concerning collateral for plaintiff's loan, neither alters defendant's unconditional, unambiguous promise to pay plaintiff, as memorialized in the promissory note (see Solomon v Langer, 66 AD3d 508 [1st Dept 2009]; Mehta v [*2]Mehta, 168 AD3d 716 [2d Dept 2019]), nor does it show that the note was an unsuitable basis for CPLR 3213 relief (see e.g. LaBoeuf v Saide, 134 AD3d 515, 516 [1st Dept 2015]; Warburg, Pincus Equity Partners, L.P. v O'Neill, 11 AD3d 327 [1st Dept 2004]).
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022