Bardwil v Bardwil (2022 NY Slip Op 05264)

Bardwil v Bardwil

2022 NY Slip Op 05264

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, JJ. 

Index No. 153951/13 Appeal No. 16269-16269A Case No. 2021-04326 

[*1]Emiko Bardwil, Plaintiff-Respondent,
v
George Bardwil, Defendant-Appellant.

Holihan & Associates, P.C., Richmond Hill (Jason Berke of counsel), for appellant.
Raoul Felder, New York, for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 11, 2021, which, to the extent appealed from as limited by the briefs, denied defendant's motion to vacate a default order, entered January 27, 2020, finding him liable for plaintiff's claims of assault, battery, and intentional infliction of emotional distress, and a default judgment, entered March 13, 2020, awarding plaintiff, after an inquest on damages, the principal sum of $5,000,000, unanimously affirmed, with costs.
In support of his motion to vacate the default order and default judgment against him, defendant failed to proffer a reasonable excuse for his failure to comply with court orders by not appearing for judicial mediation, the trial, and inquest (see CPLR 5015[a][1]; John v Arin Bainbridge Realty Corp., 147 AD3d 454, 455 [1st Dept 2017]). The record contradicts defendant's claim, made for the first time on appeal, that he was unaware of these court dates. Defendant's prior counsel was served with the court's decision restoring the matter to the calendar, and emails between the parties' counsel up until the day before trial reveal that defendant was planning to appear. Contrary to defendant's contention, the absence of a court order relieving his counsel does not warrant vacating the defaults. Defendant's counsel never moved to withdraw pursuant to CPLR 321(b), and, given defendant's pattern of default and neglect, any alleged negligence by defendant's counsel can be imputed to defendant (see Edwards v Feliz, 28 AD3d 512, 513 [2d Dept 2006]). Moreover, defendant admits that he was served with plaintiff's proposed judgment after the inquest, yet he offers no explanation as to why he then waited almost a year to move to vacate the default.
We decline to address defendant's arguments regarding a meritorious defense since he failed to provide an acceptable excuse for his defaults (see John v Arin Bainbridge Realty Corp., 147 AD3d 454, 455), and the arguments he raises formed that part of his motion for leave to reargue the order restoring the matter to the calendar, an order which is not appealable (see Mahne v Cell Source, Inc., 203 AD3d 436, 437 [1st Dept 2022]).
We have considered defendant's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022