AB Commercial Real Estate Debt - B2 S.A. R.L. v Holtzman (2025 NY Slip Op 01567)

AB Commercial Real Estate Debt - B2 S.A. R.L. v Holtzman

2025 NY Slip Op 01567

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 653536/23|Appeal No. 3934|Case No. 2024-03195|

[*1]AB Commercial Real Estate Debt - B2 S.A. R.L., Plaintiff-Respondent,
v
Jonathan Holtzman, Defendant-Appellant.

Getler, Gomes & Sutton, P.C., Suffern (Janine A. Getler of counsel), for appellant.
Allen Overy Shearman Sterling US LLP, New York (John Gueli and Corinne McCrum of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered April 15, 2024, which granted plaintiff's CPLR 3213 motion for summary judgment in lieu of complaint, unanimously affirmed, with costs.
Plaintiff established prima facie its entitlement to summary judgment by furnishing copies of the guaranty, the underlying loan agreement with the two amendments, and an affidavit from one of plaintiff's vice-presidents attesting to the payments made by the underlying obligor, nonparty CCA CBD Minneapolis LLC, and the absence of any payments from defendant as guarantor (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [2015]). Furthermore, defendant raised no evidentiary objections to the attestation of plaintiff's affiant concerning the "genuineness and authenticity" of the documents he proffered (see First Interstate Credit Alliance v Sokol, 179 AD2d 583, 584 [1st Dept 1992]).
As to whether plaintiff was entitled to relief under CPLR 3213, defendant agreed under section 31 of the guaranty that his guaranty "[was], and [was] intended to be, an instrument for the payment of money only, as such phrase is used in [CPLR] 3213," and "expressly waive[d] any right, and hereby agree[d] not [] to assert that this Guaranty [was] not such an instrument" (see Marjan Intl. Corp. v Lillian August Designs, Inc., 225 AD3d 408, 408 [1st Dept 2024]). The fact that the guaranty referenced an underlying loan agreement did not disqualify the guaranty from CPLR 3213 treatment (see Kirkwood v Nakhamkin, 169 AD2d 693, 694 [1st Dept 1991]). As to the two amendments to the loan agreement, plaintiff relied on them solely to demonstrate that the maturity date had been extended (see Bank of Am., N.A. v Solow, 59 AD3d 304, 305 [1st Dept 2009], lv dismissed 12 NY3d 877 [2009]). Defendant has not identified any performance obligations in the guaranty or any determinations that would have required a factual inquiry (see PDL Biopharma, Inc. v Wohlstadter, 147 AD3d 494, 495 [1st Dept 2017]).
We reject defendant's suggestion that plaintiff's motion was premature because it never provided CCA CBD with a five-day notice of default following its failure to pay upon the loan's maturity. According to § 10.01(a) of the loan agreement, an event of default occurs when "(A) any monthly Debt Service payment or the payment due on the Maturity Date is not paid when due or (B) any other portion of the Debt is not paid when due and such non-payment continues for five (5) days following notice to Borrower that the same is due and payable." Thus, the provision divides § 10.01(a) into two subsections, and the five-day notice requirement applies only to "any other portion of the Debt," not the amount due on the maturity date.
Contrary to defendant's position, plaintiff established that it did not enter into an agreement extending the loan's maturity date beyond July 21, 2023. Defendant's attestations that he "understood that negotiations [*2]were underway" and that he "trusted that the maturity date . . . was to be extended" are insufficient to raise a question of fact whether the maturity date had, in fact, been extended (see Kornfeld v NRX Technologies, 93 AD2d 772, 773 [1st Dept 1983], affd 62 NY2d 686 [1984]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025