| |
|---|
| **Jefferson St. Capital LLC v Inventel.TV LLC** |
| 2026 NY Slip Op 30894(U) |
| March 10, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 158642/2025 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. NICHOLAS W. MOYNE**          PART          41M

*Justice*

-----------------------------------------------------------------------------X

JEFFERSON STREET CAPITAL LLC,CROM
STRUCTURED OPPORTUNITIES FUND I, LP,
INDIVIDUALLY AND ASSIGNEE OF CROM CORTANA
FUND LLC

| | |
|---|---|
| INDEX NO. | 158642/2025 |
| MOTION DATE | 07/08/2025 |
| MOTION SEQ. NO. | 001 |

Plaintiff,

- v -

INVENTEL.TV LLC,

**DECISION + ORDER ON MOTION**

Defendant.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 27, 28, 29

were read on this motion to/for          JUDGMENT - SUMMARY IN LIEU OF COMPLAINT .

Upon the foregoing documents, it is

The plaintiffs, Jefferson Street Capital LLC ("Jefferson") and Crom Structured Opportunities Fund I, LP ("CSOF"), individually and as assignee of Crom Cortana Fund LLC ("CCF"), commenced this motion action to collect amounts owed pursuant to three Senior Secured Notes (the "Notes") issued by plaintiffs to the defendant, Inventel.TV LLC ("Inventel"), and comprised of: (1) a Senior Secured Note in favor of Jefferson in the Original Principal Amount of $558,073.97; (2) a Senior Secured Note in favor of CCF in the Original Principal Amount of $922,308.78 (later assigned to CSOF); and (3) a Senior Secured Note in favor of CSOF in the Original Principal Amount of $67,308.78 (NYSCEF Doc. No. 5; 6). The Notes each contain a Final Maturity Date of May 24, 2025, and provide that interest will accrue at a rate of 10% per annum until payment in full (*id.*). Under the terms of the Notes, the outstanding balance on the principal, plus all accrued/unpaid interest, Liquidated Damages resulting from an Event of Default and all other applicable amounts or fees, shall become due and payable on the Final Maturity Date (*id.*). The plaintiffs allege that the maturity dates on the Notes have passed, and defendant has failed to make any payment as required.

Accordingly, plaintiffs commenced this action against the defendant, pursuant to CPLR § 3213, seeking an order granting summary judgment in lieu of

158642/2025  JEFFERSON STREET CAPITAL LLC ET AL vs. INVENTEL.TV LLC          Page 1 of 7
Motion No.  001 002

1 of 7

[* 1]

a complaint in favor of plaintiffs and against the defendant in the amount of $1,528,411.77 as to CSOF and $869,510.25 as to Jefferson, plus accruing interest, the alleged outstanding amounts owed on the Notes. For the reasons set forth below, Motion Sequence 001, the plaintiffs' motion summary judgment in lieu of complaint, is granted.

Motion Sequence 002 was the defendant's Order to Show Cause ("OSC") with Temporary Restraining Order ("TRO") in which defendant sought injunctive relief, pursuant to CPLR §§ 6301 and 6311, in the form of enjoining the plaintiffs from publishing or disseminating any notice of a sale of assets under Article 9 of the Uniform Commercial Code (UCC), conducting such a sale, and/or directly or indirectly communicating or contacting Inventel's customers, vendors, suppliers, or business partners that defendant's assets are subject to a foreclosure, liquidation, or Article 9 sale.

Following argument on the application, the Court denied the defendant's request for a preliminary injunction, vacating and lifting the TRO (NYSCEF Doc. No. 26). As discussed in more detail on the record, the Court determined that defendant failed to meet the requisite burden for entitlement to injunctive relief as the defendant's reliance solely on New York substantive law was improper. The agreements on which the defendant's application was based (i.e. the Notes, Security Agreements, and Security Purchase Agreements) explicitly provided that "[a]ll questions concerning the construction, validity, enforcement and interpretation…shall be governed by and construed and enforced in accordance with the internal laws of the State of New Jersey" (*see* NYSCEF Doc. No. 5; 6; 17; 18). Considering defendant's arguments concerned the validity or enforceability of these agreements, substantive issues were at play rather than procedural ones (*FIA Leveraged Fund Ltd. v Grant Thornton LLP*, 150 AD3d 492, 496 [1st Dept 2017] [choice of law provisions apply to substantive issues while matters of procedure are governed by the law of the forum state]). Therefore, the defendant's reliance on New York substantive law alone was insufficient to meet the burden of showing entitlement to this extraordinary provisional remedy sought in the motion (*see Harris v Patients Med., P.C.*, 169 AD3d 433, 434 [1st Dept 2019]).

The Court now considers Motion Sequence 001, the plaintiffs' CPLR § 3213 motion seeking summary judgment in lieu of a complaint on the Notes based on the defendant's default in making payment. "A plaintiff is entitled to an accelerated procedure to commence and pursue an action to recover on an instrument for the payment of money only" (*DDS Partners, LLC v Celenza*, 6 AD3d 347, 348 [1st Dept 2004]). A promissory note, such as the one at issue in this case, is a typical

[* 2]

example of an instrument within the meaning of CPLR § 3213 (*Finch Prop. Holdings I, LLP v Blumenfeld*, 234 AD3d 521, 523 [1st Dept 2025]; see also *Aranoff v Lipskar*, 269 AD2d 124, 124 [1st Dept 2000]). "Accelerated judgment under CPLR 3213 is appropriate where the plaintiff establishes a prima facie case by virtue of a note and a failure to make payments called for therein" (*Id.*, quoting *Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [1st Dept 2004]). However, "[a] document does not qualify for CPLR 3213 treatment if the court must consult other materials besides the bare document and proof of nonpayment, or if it must make a more than de minimis deviation from the face of the document" (*Fiore Fin. Corp. v Gaea N. Am., LLC*, 179 AD3d 621 [1st Dept 2020] [internal quotations omitted]).

The Court finds that the plaintiffs have established prima facie entitlement to summary judgment in lieu of a complaint on the Notes as plaintiffs have demonstrated "the existence of [the] promissory note[s] executed by the defendant containing an unequivocal and unconditional obligation to repay and the failure of the defendant to pay in accordance with the note[]s['] terms" (*Zyskind v FaceCake Mktg. Tech., Inc.*, 101 AD3d 550, 551 [1st Dept 2012]). More specifically, plaintiffs submitted proof of the Notes, signed by the defendant and which include Absolute Obligation clauses with the following language: "[e]xcept as expressly provided herein, no provision of this Note shall alter or impair the obligation of the [defendant], which is absolute and unconditional, to pay the principal of, liquidated damages and accrued interest, as applicable, on this Note at the time, place, and rate, and in the coin or currency, herein prescribed" (NYSCEF Doc. No. 5; 6). Additionally, plaintiffs provided the Assignment Agreement for the Crom Cortana Note and, through the affirmations of their Managing Member(s) and/or General Partner, plaintiffs established the defendant's failure to make payments on the Final Maturity Dates as required by the terms of the Notes (*Id.*; *see 27 W. 72nd St. Note Buyer LLC v Terzi*, 194 AD3d 630, 631 [1st Dept 2021]). Therefore, plaintiffs met their prima facie burden on the motion (*Simon v Indus. City Distillery, Inc.*, 159 AD3d 505 [1st Dept 2018]), and "the burden shifts to the defendant to establish, by admissible evidence, the existence of a triable issue with respect to a bona fide defense" (*Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v Navarro*, 25 NY3d 485, 492 [2015] [internal quotations omitted]).

In opposition, defendant failed to submit evidence raising a triable issue of fact as to a valid or bona fide defense with respect to the Notes (*see Quadrant Mgt. Inc. v Hecker*, 102 AD3d 410, 410 [1st Dept 2013]). Inventel relies on the affirmation of its' CEO, who asserts that the motion must fail because the plaintiffs failed to provide the parties' entire agreement, which is more extensive than the

[* 3]

Notes as it includes additional agreements. Defendant contends that the plaintiffs cannot prevail because they did not include proof of the documents/agreements referenced in the Notes, including the Securities Purchase Agreement(s), Security Agreement(s), and/or Transaction Documents (collectively, "Transaction Documents"). However, this argument is unavailing because the fact that the Notes may reference other documents or obligations does not preclude CPLR § 3213 relief (*Fortress Credit Corp. v Cohen*, 235 AD3d 553, 554 [1st Dept 2025]; *DB Auraria, LLC v Nelson*, 228 AD3d 424, 425 [1st Dept 2024]).

Here, the plaintiffs' claim(s) rest on the defendant's failure to make payment on the Notes (*Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [1st Dept 2004]), and that the Notes were part of a larger transaction does not, by itself, bar accelerated treatment (*Arbor-Myrtle Beach PE LLC v Frydman*, 202 AD3d 464, 465 [1st Dept 2022], citing *Kirkwood v Nakhamkin*, 169 AD2d 693 [1st Dept 1991]). As the plaintiffs' right to payment can be ascertained from the face of the Notes (*Boland v Indah Kiat Fin. (IV) Mauritius Ltd.*, 291 AD2d 342, 343 [1st Dept 2002]), the Court is not required to consider any extrinsic documents referenced in the Notes (*Atul Bhatara v Futterman*, 122 AD3d 509, 510 [1st Dept 2014]). The reference of other agreements in the Notes are immaterial to plaintiffs' right to relief (*LaBoeuf v Saide*, 134 AD3d 515, 516 [1st Dept 2015]) as they do not alter the defendant's unconditional repayment obligation or the essential character of the Notes as instruments for the payment of money only (*Mahne v Cell Source, Inc.*, 203 AD3d 436 [1st Dept 2022]; *Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [1st Dept 2004]). Therefore, despite defendant's contention otherwise, under CPLR § 3213, the plaintiffs were not required to include the Transaction Documents in their motion but were only required to show the existence of the Notes and proof of defendant's default thereunder (*GEM Investments Am., LLC v Marquez*, 180 AD3d 513, 514 [1st Dept 2020]).

In the affirmation in opposition, defendant's CEO also asserts arguments that: CSOF lacks standing under the Security Agreement (NYSCEF Doc. No. 17); CSOF has no relation to the Crom Cortana Note as the assignment by CCF to CSOF was invalid under the Purchase Agreement; there is no jurisdiction as the Assignment Agreement provides for jurisdiction in Delaware; and the contract was not effective as there was never a meeting of the minds. However, for the reasons set forth below, these arguments are similarly unsuccessful.

First, defendant's assertion that CSOF lacks standing because it did not appoint a Collateral Agent as required by the Security Agreement is unavailing. The Security Agreement executed between CSOF and the defendant includes

language authorizing that CSOF *may* appoint a Collateral Agent to act on its behalf (NYSCEF Doc. No. 17 ¶ 18) but does not otherwise preclude CSOF from acting directly. As demonstrated by the executed Assignment Agreement, CSOF has standing for purposes of collecting on the Crom Cortana Note (*see Carlin v Jemal*, 68 AD3d 655, 655 [1st Dept 2009]).

Next, the defendant's contention that the assignment of the Crom Cortana Note was invalid under the terms of the Purchase Agreement is unsuccessful. Section 3.02(c)(i), the provision of the Purchase Agreement on which defendant relies, provides that CCF would "not sell, assign, pledge, give, transfer or otherwise dispose of the Notes or any interest therein… except pursuant to a registration of the Notes… or in a transaction which is exempt from the registration provisions" (NYSCEF Doc. No. 18). As it has not been alleged that there was a registration of the Notes or the assignment was subject to certain registration requirements, the assignment by CCF to CSOF would not be invalid (*see GEM Investments Am., LLC v Marquez*, 180 AD3d 513, 514 [1st Dept 2020] [assignment of note was proper when nothing in the parties agreement precluded it]).

Further, Sections 4.01 and 5.06 of the Purchase Agreement require that there be no transfer or assignment without written consent or an agreement in writing signed between the parties (NYSCEF Doc. No. 18). Notably, the defendant has not disputed that it signed the Assignment Agreement and assented to the subject assignment of the Crom Cortana Note. Further, contrary to defendant's claim that this Court lacks jurisdiction pursuant to Section 6.7 of the Assignment Agreement, as there are no disputes concerning the validity of the document, this action may be properly maintained in New York.

Defendant next asserts that the Notes, Purchase Agreement, Security Agreement, or other similar Transaction Documents were never effective because they were not final and/or there was no meeting of the minds. The defendant's allegations as to the enforceability of the Transaction Documents do not raise an issue of fact as to a bona fide defense on the Notes as they have no bearing on the validity of the Notes (*Navon v Zackson*, 191 AD3d 578 [1st Dept 2021]; *Acadia Woods Partners, LLC v Signal Lake Fund LP*, 102 AD3d 522, 523 [1st Dept 2013]). Inventel's CEO does not dispute the existence or execution of the Notes, the underlying payment or loan amount, or the failure to make payment as required (*DB 232 Seigel Mezz LLC v Moskovits*, 223 AD3d 610, 611 [1st Dept 2024]).

While defendant contends the Notes or Transaction Documents were not intended to be finalized contracts, defendant's CEO does not dispute but rather

158642/2025   JEFFERSON STREET CAPITAL LLC ET AL vs. INVENTEL.TV LLC
Motion No.  001 002

Page 5 of 7

5 of 7

admits that he signed and returned the agreements in completed form (NYSCEF Doc. No. 8 at 15-17; *see Carrera Casting Corp. v Cord*, 106 AD3d 422 [1st Dept 2013]). Furthermore, defendant' CEO signed the documents for three subsequent rounds of financing with different lenders after months of back-and-forth negotiations, explicitly confirmed he reviewed the documents with counsel, and replied "I am good if you are good" to the agreements provided (NYSCEF Doc. No. 21; 22). Further, any allegation that defendant's CEO did not review the agreements or terms nonetheless fails as "a party who signs a document without any valid excuse for having failed to read it is conclusively bound by its terms" (*DB 232 Seigel Mezz LLC v Moskovits*, 223 AD3d 610, 611 [1st Dept 2024] [internal quotation marks omitted]). The defendant's submission of text messages or emails in which the parties allegedly discussed making changes do not raise an issue of fact on the Notes' validity (*see AB Commercial Real Estate Debt-B2 S.A. R.L. v Holtzman*, 236 AD3d 506, 508 [1st Dept 2025]). Nothing in these submissions constituted a binding agreement between the parties or otherwise amended the terms of the Notes (*Fortress Credit Corp. v Cohen*, 235 AD3d 553, 553 [1st Dept 2025]; *BBM3, LLC v Vosotas*, 216 AD3d 403, 404 [1st Dept 2023]; *Kowalchuk v Stroup*, 61 AD3d 118, 122 [1st Dept 2009]).

The affirmation's inclusion of allegations of fraudulent misrepresentation or lender liability misconduct do not raise triable issues as these assertions are conclusory, unsupported (*Quadrant Mgt. Inc. v Hecker*, 102 AD3d 410, 410 [1st Dept 2013], citing *Banco Popular N. Am. v Victory Taxi Mgt., Inc.*, 1 NY3d 381, 383 [2004]) or extrinsic to the subject Notes (*Wachovia Bank, N.A. v Silverman*, 84 AD3d 611, 612 [1st Dept 2011]; *Skilled Inv'rs, Inc. v Bank Julius Baer & Co., Inc.*, 62 AD3d 424, 425 [1st Dept 2009]). The allegation by defendant's CEO that he is preparing counterclaims for abuse of UCC process, tortious interference, extortion, or breach of covenant of good faith and fair dealing are similarly insufficient to defeat the plaintiffs' CPLR § 3213 motion (*see Deka Immobilien Inv. GmbH v Lexington Ave. Hotel, L.P.*, 196 AD3d 424, 425 [1st Dept 2021]). Although not included, these claims would not defeat the motion because the allegations are unrelated to the Notes, defendant's obligations thereunder (*Quadrant Mgt. Inc. v Hecker*, 102 AD3d 410, 411 [1st Dept 2013]), or concern issues that are separate and severable from the plaintiffs' claims under the Notes (*Veg 83, LLC v JTED83, Inc.*, 169 AD3d 558 [1st Dept 2019]; *Blumenstein v Waspit Group, Inc.*, 140 AD3d 620, 620 [1st Dept 2016]; *German Am. Capital Corp. v Oxley Dev. Co., LLC*, 102 AD3d 408, 409 [1st Dept 2013]; *Warburg, Pincus Equity Partners, L.P. v O'Neill*, 11 AD3d 327 [1st Dept 2004]).

[* 6]

Considering, the plaintiffs have met their burden for summary judgment in lieu of complaint, and the defendant has failed to raise any triable issues of fact or valid defenses to the payment obligation under the Notes.

Accordingly, it is hereby:

ORDERED that plaintiffs' motion for summary judgment in lieu of complaint is GRANTED; and it is further

ORDERED AND ADJUDGED that plaintiffs are directed to serve a copy of this order on the Clerk of the Court who is directed to enter judgment in favor of plaintiffs and against the defendant, INVENTEL.TV LLC, in the amount of $869,510.25 as to JEFFERSON STREET CAPITAL LLC, and in the amount of $1,528,411.77 as to plaintiff, CROM STRUCTURED OPPORTUNITIES FUND I, LP, individually and assignee of CROM CORTANA FUND, LLC, together with interest at the rate of 9% per annum from the date of July 9, 2025, until the date of the decision and order on this motion, and thereafter at the statutory rate, as calculated by the Clerk, together with costs and disbursements to be taxed by the Clerk upon submission of an appropriate bill of costs.

This constitutes the decision and order of the Court.

202603101709561MOYNE3C7AA1D0D9814675A40D2BB15DEA9136

| 3/10/2026 | |
|---|---|
| **DATE** | **NICHOLAS W. MOYNE, J.S.C.** |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

158642/2025  JEFFERSON STREET CAPITAL LLC ET AL vs. INVENTEL.TV LLC
Motion No.  001 002
Page 7 of 7

7 of 7